159 So. 209

## DAVIS v. STATE.
### 6 Div. 499.

Supreme Court of Alabama.

Jan. 24, 1935.

Rehearing Denied Feb. 21, 1935.

Albert Boutwell, of Birmingham, for appellant.

Pennington & Tweedy, of Jasper, for the State.

FOSTER, Justice.

On September 27, 1933, a bank at Berry, in Fayette county, was robbed about 9:30 a. m. by three men, who were driving a model A Ford coupé which had been stolen the night before at Dora in the adjoining county of Walker. Defendant and one McCarns and one Hathaway were indicted on November 7, 1933, and the trial of defendant was begun November 10, 1933. He was represented by experienced and competent counsel, and neither he nor his counsel objected to proceeding at the time of trial, or then sought a continuance. Defendant had the benefit of all the witnesses he asked for except one, and he made no motion in respect to him. He was given all the time he asked to confer with the witnesses and to study the venire. Preparation was deliberate and orderly, and ap-

parently satisfactory to defendant until the verdict was returned.

The evidence for the state was positive as to the commission of the crime and the identification of defendant. Many witnesses were clear in their identification of him. They were corroborated by tracks shown to have corresponded with shoes worn by Mc-Carns jointly indicted. The tracks were apparently made by the one who stole the Ford A coupé on the night before the robbery. Defendant identified the shoes as those of Mc-Carns, and testified that the two were together all the night before, and were at Dora a part of that time, but did not steal the model A Ford. There was no error in admitting the evidence of the shoes and the tracks which corresponded with them. Pope v. State, 174 Ala. 63, 57 So. 245; Brindley v. State, 193 Ala. 43, 69 So. 536, Ann. Cas. 1916E, 177; Gilmore v. State, 99 Ala. 155, 13 So. 536; James v. State, 104 Ala. 20, 16 So. 94; Busby v. State, 77 Ala. 66.

The trial was apparently conducted throughout with care and deliberation. There was substantial evidence of an alibi. But the witnesses so testifying might as well have been mistaken as to the exact day when defendant and his companions were in Birmingham as the state's witnesses in their identification of them.

We can only say that there is nothing which is sufficient to justify us in holding that the court erred in denying the motion for a new trial. The court very fully and carefully charged the jury, and no exceptions were reserved. The refused charges were either otherwise fully covered or properly refused.

It is apparent that defendant has no just cause to complain of anything that occurred in respect to his trial, or in the ruling on his motion for a new trial,

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

On Rehearing.

FOSTER, Justice.

Appellant contends that the judgment should be reversed because of a failure to comply with section 8644, Code. While we have often held that its provisions are mandatory (Roan v. State, 225 Ala. 428, 143 So. 454; Spooney v. State, 217 Ala. 219, 115 So. 308; Stinson v. State, 223 Ala. 327, 135 So.

571), we have also referred to the fact that section 3249, Code, provides that the transcript on appeal need not show such a compliance unless some question was raised as to some of those matters before the trial court (Scott v. State, 228 Ala. 509, 154 So. 113). No such question is here shown to have been raised in the trial court.

No other question is presented on this application, and it is overruled.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes