176 So.2d 242

**Ex parte Charles R. CAMPBELL.**

**6 Div. 208.**

Supreme Court of Alabama.

May 27, 1965.

Charles R. Campbell, pro se.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

HARWOOD, Justice.

Charles R. Campbell, a convict under a life sentence, has filed a petition for leave to file a writ of error coram nobis in the Circuit Court of Tuscaloosa County where his trial was had.

Heretofore this petitioner had filed a petition for a writ of mandamus to compel the Circuit Court of Tuscaloosa County to hear a petition for writ of error coram nobis which he had filed in that court. This petition was dismissed since no leave had been granted by this court to file the petition. See Ex parte Campbell, 276 Ala. 407, 162 So.2d 617.

In the opinion of dismissal of the petition for mandamus it is set forth:

"In that trial, the petitioner here was convicted of rape and sentenced to death. His judgment of conviction was reviewed by this court and affirmed. Campbell v. State, 257 Ala. 322, 58 So.2d 623. Apparently his death sentence was commuted.

"A reading of the opinion, supra, discloses that this petitioner had, shortly before the crime for which he was convicted, escaped with two other convicts from Draper Prison. They made their way to Tuscaloosa County. Entering a rural home, they compelled a housewife therein with her two young children, to alter some of her husband's clothes. Upon completion of this altering chore, the petitioner, at gun point, took the housewife to an upstairs room and viciously raped her."

In the present petition for leave to file a writ of error coram nobis, the petitioner, among other things, asserts that he was never taken before a committing magistrate, and was never given a preliminary hearing prior to his trial.

The appellant and his companions were apprehended in Delhi, Louisiana, on 16 July 1951. They were of course at this time escaped convicts and fugitives from justice. An indictment charging rape was returned against petitioner on 3 August 1951, and he was arraigned on 6 August 1951, at which time counsel was appointed and a plea of not guilty was entered. On 8 August 1951, additional counsel was appointed to assist in the defense. Campbell v. State, 257 Ala. 322, 58 So.2d 623.

As we gather from petitioner's document he is laboring under the erroneous belief that he was entitled to a preliminary hearing as a matter of right, as though he was charged by a complaint rather than by indictment.

Even under these conditions no constitutional right of an accused is violated in not giving him a preliminary hearing. Green v. Bomar (6 Cir.) 329 F.2d 796; Woodard v. State, Ala.App., 171 So.2d 462. However, as before stated, this petitioner was held under an indictment.

A person accused by an indictment is not entitled to a hearing in advance of trial. This for the reason that there is no constitutional requirement, either federal or state, that there be two inquiries into probable cause. A sovereignty having once satisfied the provision for an inquiry as to probable cause by presenting the matter to a grand jury and obtaining an adjudication of the existence of probable cause, is entitled to bring the accused to trial without further litigation of this question. See United States ex rel. Kassin v. Mulligan, 295 U.S. 396, 55 S.Ct. 781, 79 L.Ed. 1501; Beavers v. Henkel, 194 U.S. 73, 24 S.Ct. 605, 48 L.Ed. 882. No merit therefore attaches to petitioner's contention that he was denied any constitutional right by not having been accorded a preliminary hearing.

Petitioner further asserts that he was put to trial with an invalid venire in that the names of only 65 jurors were on the venire. Petitioner claims he was "entitled to a venire of not less than 75 nor more than 100 jurors."

The provision for a special venire in capital cases is found in Section 63, Title 30, Code of Alabama 1940. This section reads:

"Whenever any person or persons stand indicted for a capital felony, the court must, * * * make an order commanding the sheriff to summon not less than fifty nor more than one hundred persons, *including those drawn on the regular juries for the week set for the trial of the case * * *.*" (Emphasis ours.)

The judgment entered shows that 60 regular jurors had been drawn for the week of this trial and that the court in open court and in the presence of the petitioner (defendant) drew the names of 5 additional jurors, making a total of 65 jurors to constitute the special venire to try the petitioner. Thus Section 63, supra, was fully

complied with, and no merit attached to this contention of the petitioner.

█ Further, the original record on appeal discloses that no objection was taken in the trial below as to the venire. This matter cannot be raised for the first time on appeal, no constitutional question being involved. Taylor v. State, 249 Ala. 130, 30 So.2d 256; Davis v. State, 229 Ala. 674, 159 So. 209; Hollander v. State, 27 Ala.App. 454, 173 So. 891. It follows that this matter must be deemed as waived in the absence of any objection prior to trial and is not now to be considered.

The remaining allegations of the petitioner are mere generalizations that his constitutional rights were denied in his trial, or concern matters fully litigated in his trial and adjudicated adversely to the petitioner in his trial and by this court upon review. No useful purpose would be served by writing to these palpably specious contentions.

The petition is due to be denied, and it is so ordered.

Petition denied.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.