178 So.2d 825

**Ex parte Robert Ben FLANIGAN.**

**Misc. No. 33.**

Supreme Court of Alabama.

Sept. 30, 1965.

Ben Flanigan, pro se.

Richmond M. Flowers, Atty. Gen., for the State.

HARWOOD, Justice.

This is a petition for leave to file a writ of error coram nobis in the Circuit Court of Morgan County, Alabama.

In March 1945, the petitioner was adjudged guilty of murder in the first degree and sentenced to death. This judgment was affirmed by this court. Flanigan v. State, 247 Ala. 642, 25 So.2d 685. In concluding the opinion in this review written for the court, the late Justice Brown wrote:

"The evidence offered by the state shows without dispute that defendant and Stutts waylaid and in an attempt to rob Shafer, Stutts shot him, with a pistol furnished by the defendant and caused his death. Also that Stutts hit the deceased over the head with the pistol, crushed his skull and then robbed him of his wallet containing money. *There is not a mitigating circumstance in favor of the defendant.* He went to the house of Stutts and woke him up, supplied the conveyance to take him to the place of the holdup, furnished the pistol used by Stutts to kill Shafer, then left Shafer in the throes of death and the scene of the crime in defendant's automobile, and afterwards they divided the spoils.

"The record presents a case of cruel and dastardly murder committed in accomplishing highway robbery." (Emphasis ours.)

In the present petition the petitioner asserts some four grounds for relief.

1. That he was not accorded a preliminary hearing prior to his trial and he was therefore deprived of due process of law.

■ No constitutional right of an accused is violated in not giving him a preliminary hearing. Green v. Bomar (6 Cir.), 329 F.2d 796; Woodard v. State, 42 Ala.App. 552, 171 So.2d 462; Ex parte Campbell, 278 Ala. 114, 176 So.2d 242.

2. That a pistol offered in evidence was illegally seized by police officers when located in a hay barn some forty miles from Decatur, Alabama, where the murder was committed.

■ Examination of the record on appeal shows that this gun was found in a haystack near the home of petitioner's brother. No other evidence concerning the finding of this pistol is disclosed by the record. Under these meager facts the petitioner is in no position to assert that the pistol was illegally seized.

3. That petitioner was held incommunicado for 17 days and questioned extensively for the sole purpose of obtaining the confession which was introduced in evidence by the state at his trial.

Evidence in the record shows that the murder was committed early on the morning of 9 December 1944, and that petitioner and his confederate in the murder left Decatur, drove to nearby towns, and he did not return to Decatur until early Sunday morning, December 10th. The time of his arrest is not disclosed. However, the record of his trial shows that a written confession was signed by the petitioner on 14 December 1944, some four days at most after the earliest time he could have been arrested.

The record also discloses that at his trial the petitioner was represented by two experienced attorneys, and that the defense was conducted with utmost vigor, and in a highly competent manner.

The objection to the introduction of the confession was strongly asserted at the trial upon the sole ground that it was involuntary in that the officers who were present when the confession was made were armed at the time. No claim that petitioner had been held incommunicado and extensively questioned for 17 days was asserted. Nor was such ground asserted in the motion for a new trial made in connection with petitioner's original trial. The record discloses that this motion was strongly pressed by petitioner's then counsel.

Our records also show that on 12 February 1963, this petitioner filed a prior petition for leave to file a writ of error coram nobis.

The grounds asserted in support of that petition were that the state had knowingly used false and perjured testimony to obtain his conviction; that the state had failed to prove his guilt beyond a reasonable doubt; and that he was not tried by an impartial jury. There was no assertion that he was held incommunicado for 17 days, etc., as contained in the present petition.

This prior petition was dismissed by this court on 4 March 1963, it having been made known to the court that on 4 January 1963, another petition for a writ of error coram nobis had, after hearing, been denied by the Circuit Court of Morgan County.

■ Petitioner does question the constitutionality of the admission of his confession by the bald statement that he was held incommunicado and questioned for 17 days. The untruthfulness of this statement is disclosed by the appeal record of his conviction. No other evidence or affidavits are presented to us by the petitioner. The petition is inadequate to invite our review. Gandy v. State, 276 Ala. 409, 162 So.2d 620.

■ In determining whether we should grant leave to file a petition for a writ of error coram nobis, we must consider the reasonableness of the allegations made in the petition, and the probability of their

**434**

truth. Ex parte Williams, 268 Ala. 535, 108 So.2d 454.

If, as this petitioner now asserts, some 21 years after his conviction, the confession received in evidence was the result of his having been held incommunicado and extensively questioned for 17 days, this fact was well known to him at the time of his trial. Yet no such ground was asserted in the trial below in opposition to the admission of the confession, nor was such ground asserted in the motion for a new trial, though the voluntariness of the confession was vigorously asserted in both proceedings on another ground. Likewise, in a prior petition for leave to file a petition for a writ of error coram nobis filed in this court in 1963, the petitioner again failed to assert such ground. Had such ground as now asserted validly existed, it is not reasonably conceivable but that it would have been raised in the prior proceedings had by this petitioner.

We hold that the petition is so lacking in the probability of truth that regard for due exercise of our discretion compels its denial.

Petition denied.

LIVINGSTON, C. J., and LAWSON, GOODWYN, MERRILL and COLEMAN, JJ., concur.