204 So.2d 835

**Irving WASHINGTON, Jr.**

v.

**STATE.**

**1 Div. 222.**

Court of Appeals of Alabama.

Dec. 5, 1967.

Douglas Stanard, Mobile, for appellant.

MacDonald Gallion, Atty. Gen., and Marlin Mooneyham, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

Appellant was convicted of the offense of robbery. His punishment was fixed at imprisonment for the term of fifteen years.

The state's testimony was to the effect that defendant and two other men drove into a Trackside Service Station in Mobile, Alabama, and purchased two dollars worth of gas. While they were at the station one of the men forced the station attendant into the car at knife point. They drove approximately a mile from the station and robbed the attendant of approximately fifty dollars. After the robbery the attendant was released on foot.

At the time the attendant was forced into the car another patron who witnessed the act took the tag number of the automobile and telephoned police.

The appellant and the others were apprehended within ten minutes. The police found in their possession the service station

attendant's billfold, money, changemaker and his water can. They also found a knife and a blank pistol.

No evidence was presented on defendant's behalf.

Clearly, the defendant was not entitled to the requested affirmative charge.

It is insisted that the provisions of Section 33, Title 30, Code 1940, for a special venire in capital cases have not been complied with. The record here is silent as to whether or not a special venire was called. No objection to the venire was taken in the trial court. Noncompliance with Section 33, Title 30, Code, supra, cannot be raised for the first time on appeal. Ex parte Campbell, 278 Ala. 114, 176 So.2d 242; Taylor v. State, 249 Ala. 130, 30 So.2d 256; Hollander v. State, 27 Ala.App. 454, 173 So. 891.

Defendant's requested charge 4 was properly refused. Bringhurst v. State, 31 Ala. App. 608, 20 So.2d 885.

Refused charge 6 was covered by charge 7 given at defendant's request.

The judgment is affirmed.

Affirmed.