The appeal by Donald Ray Brown is from an order of the Circuit Court of Lee County transferring three cases, wherein he is charged with felonies, from the Juvenile Court of Lee County District Court to the Circuit Court for trial of Brown there as an adult. The order of transfer was made after trial de novo upon appeal from the district court, all pursuant to the juvenile code, as is the appeal to this court. Tit. 13A, § 5-152, Code (1940, 1975 Interim Supp.) (§ 12-15-2 et seq., 1975 Code). We affirm.
On 18 October 1976 Brown was committed to jail under a warrant charging him with murder in the first degree. The next day the circuit court determined he was indigent and appointed counsel to represent him. In November he was committed to Bryce Hospital for examination and treatment. In December he was ordered to be, and was, returned to Lee County for trial. Then three indictments were returned against him, charging him respectively with robbery, murder in the first degree, and burglary in the second degree and grand larceny. Appointment of new counsel for him was made, after which, on 24 January 1977, the circuit court found Brown to be a child as defined in the juvenile code, § 12-15-1, Code, 1975, and ordered the cases transferred to the juvenile court. The district attorney then moved the juvenile court to transfer the cases against Brown to the circuit court for prosecution of Brown as an adult, which was done. Brown then appealed to the circuit court from the transfer order where, after trial de novo, the circuit court ordered the cases tried in the circuit court. As noted, this appeal is from the transfer order of the three cases.
 The Issue
Brown advances several arguments for reversal of the transfer order. However, the majority of his contentions center around the constitutionality and validity of that order. The threshold question is whether the decision to transfer Brown from the juvenile court to the circuit court for criminal prosecution comports with the requirements of Kent v. United States,383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966), and with the dictates of § 5-129, Tit. 13A Code (1940, 1975 Interim Supp.).
The standards which guide a judge in making his determination to transfer a juvenile to the circuit court for criminal prosecution are set forth in § 5-129, which provides:
 "§ 5-129. Transfer of cases from juvenile court to criminal court. — (a) The prosecutor may before a hearing on the petition on its merits, and following consultation with probation services, file a motion requesting the court to transfer the child for criminal prosecution, if:
 (1) The child was 14 or more years of age at the time of the conduct charged, and is alleged to have committed an act which would constitute a felony if committed by an adult; or *Page 1386 
 (2) The child is 14 or more years of age and is already under commitment to an agency, department or institution as a delinquent.
 (b) The court shall conduct a hearing on all such motions for the purpose of determining whether it is in the best interest of the child or the public to grant the motion. If the court so finds and there are no reasonable grounds to believe he is committable to an institution or agency for the mentally retarded or mentally ill, it shall order the case transferred for criminal prosecution.
 (c) When there are grounds to believe that the child is committable to an institution or agency for the mentally retarded or mentally ill, the court shall proceed as provided in section 5-136.
 (d) Evidence of the following and other relevant factors shall be considered in determining whether the motion shall be granted:
(1) The nature of the present alleged offense;
 (2) The extent and nature of the child's prior delinquency record;
(3) The nature of past treatment efforts and the
nature of the child's response to such efforts;
(4) Demeanor;
 (5) The extent and nature of the child's physical and mental maturity;
 (6) The interests of the community and of the child requiring that the child be placed under legal restraint or discipline.
 (e) Prior to a hearing on the motion by the prosecutor, a study and report to the court, in writing, relevant to the factors in subsection (d) shall be made by probation services.
 (f) When a person is transferred for criminal prosecution, the court shall set forth in writing its reasons for granting the motion which shall include a finding of probable cause for believing that the allegations are true and correct."
This section was enacted after Kent, supra, the leading case on juvenile rights. Kent involved a transfer proceeding which the United States Supreme Court held to be violative of the child's rights to due process of law. That court found that a hearing must be held before a transfer is permitted, at which the child is afforded counsel. Following the hearing, the judge must give the reasons for his decision. In the opinion it was stated:
 "* * * we hold that it is incumbent upon the Juvenile Court to accompany its waiver order with a statement of the reasons or considerations therefor. We do not read the statute as requiring that this statement must be formal or that it should necessarily include conventional findings of fact. But the statement should be sufficient to demonstrate that statutory requirement of `full investigation' has been met; and that the question has received the careful consideration of the Juvenile Court; and it must set forth the basis for the order with sufficient specificity to permit meaningful review." 383 U.S. at 561, 86 S.Ct. at 1057.
In the instant case, the requirements of Kent, and of § 5-129, have been met.
A. There was a full hearing in the juvenile court and on appeal to the circuit court, where the transfer hearing was conducted de novo (See § 5-152, Tit. 13A, Code; 1975 Interim Supp.) (Because of the de novo hearing in the circuit court the opinion can be limited to a review of that hearing).
B. Brown was represented by counsel at the hearing.
C. Following the hearing, the circuit court entered an order granting the transfer in which it set forth findings; the bases of the order:
 "On this date, March 8, 1977, being the date set for hearing the appeal of the defendant, said date being set by agreement of the parties and upon motion of the defendant, the Court heard evidence ore tenus. Both parties announced ready, the State of Alabama being represented by Hon. Ronald L. Myers, and the defendant, Donald Ray Brown, being present was represented by Hon. Richard D. Lane. The Court carefully observed the demeanor of each witness as he or she testified. The Court finds as follows: *Page 1387 
 "1. Donald Ray Brown was fourteen or more years of age at the time of the alleged conduct and is alleged to have committed an act which would constitute a felony if committed by an adult.
 "2. It is in the best interest of the public to proceed with the disposition of the cause as a criminal prosecution.
 "3. That there are no reasonable grounds to believe the defendant is committable to an institution or agency for the mentally retarded or mentally ill.
 "The Court considered evidence of the following and other relevant factors in determining whether to transfer the cause for criminal prosecution:
"(1) The nature of the present offense;
 "(2) The extent and nature of the child's prior delinquency record;
 "(3) The nature of past treatment efforts and the defendant's response to such efforts;
"(4) Demeanor;
 "(5) The extent and nature of the defendant's physical and mental maturity.
 "Prior to said hearing Probation Services made a study and report to the Court in writing relevant to applicable factors as required by law. This report was furnished to the defense.
 "Therefore, the case of the State of Alabama vs. Donald Ray Brown is ordered transferred to the Circuit Court of Lee County, Alabama, Criminal Division, for the reasons as set forth in this order. It is, therefore,
 "CONSIDERED, ORDERED AND ADJUDGED that the case of the State of Alabama vs. Donald Ray Brown be transferred to the Circuit Court of the Thirty-Seventh Judicial Circuit, Criminal Division, there to be disposed of as a criminal case.
 "The Court further finds there is probable cause for believing that the applicable allegations are true and correct."
D. The findings made by the circuit court are supported by the evidence of record: Brown was sixteen at the time of the alleged conduct; was indicted by the grand jury on charges of robbery, first degree murder, and second degree burglary and grand larceny; the record as a whole supports the trial court's determination that it is in the best interest of the public that there be criminal prosecution; the report of the Forensic Evaluation Board stated Brown was restored to his right mind; and there are other relevant factors found in the record.
Brown contends the circuit court committed prejudicial error when it admitted the three indictments in the transfer hearing and considered the indictments as establishing a finding of probable cause for believing that the allegations against him were true. We disagree. Section 5-129 (f), Tit. 13A, provides:
 "When a person is transferred for criminal prosecution, the court shall set forth in writing its reasons for granting the motion which shall include a finding of probable cause for believing that the allegations are true and correct."
Thus the transfer hearing should properly be classified as a probable cause hearing. It has long been recognized that the strict rules of evidence do not apply in a probable cause hearing. Vincent v. State of Alabama, 349 So.2d 1145 (Ala. 1977). Therefore the circuit court was free to admit and consider relevant evidence relating to the allegations against Brown, including the indictments.
With specific reference to § 5-129 (f), Brown submits the standard of probable cause for believing that the allegations are true and correct contained therein violates due process of law. He suggests the standard of beyond a reasonable doubt should apply at the transfer hearing. Brown cites In re Winship,397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1968), as authority. Brown states in his brief that Winship made applicable the beyond a reasonable doubt standard of proof in criminal prosecution to juvenile courts in an adjudicatory hearing. This argument is clearly inapt in the instant case. It is well recognized that a transfer hearing is not a hearing to adjudicate the guilt or innocence of the child *Page 1388 
accused of a crime but is, instead, a probable cause hearing to determine whether the child should be transferred out of the juvenile court for criminal prosecution as an adult. See Kent, supra.
Brown further contends the State did not comply with § 5-129, when it failed to file a motion to transfer in the circuit court on the appeal from the order of the juvenile court. Brown concedes a motion was originally filed in the juvenile court by the district attorney; however, he argues when the case was appealed to the circuit court the State should have refiled its motion or filed another motion requesting transfer. Again we disagree. The issue here is whether § 5-129 requires the prosecutor to refile a motion requesting the court to transfer the child for criminal prosecution when appealed to the circuit court. We think not. Although § 5-152 (a) provides: "* * * the circuit court shall try the case de novo * * *", we cannot see the necessity of having the prosecutor refile the motion to transfer, or file another. First, Brown as an aggrieved party appealed to the circuit court from the order of the juvenile court pursuant to § 5-152. Second, the order of the juvenile court granting the transfer was made part of the record. Moreover, the motion to transfer filed originally in the juvenile court by the district attorney was contained in the juvenile court file, and introduced as evidence by Brown's counsel at the de novo hearing in the circuit court.
Finally, Brown asserts the circuit court erred in merely reciting, as a conclusion, that it considered certain statutory relevant factors in determining whether to transfer him for criminal prosecution without stating the reasons in the transfer order. He urges that a restatement of the language of § 5-129 is insufficient to permit a meaningful review. This, by itself, could possibly be true in other circumstances; however, the evidence adduced at the hearing measured against the standards set forth in § 5-129 provides a meaningful review of the sufficiency of the transfer order to comply with Kent. It is axiomatic that on appeal to this court there will be a review of the record; and we noted earlier that the evidence of record supports the findings and order of the circuit court. In reviewing the record, Rule 52 (a), ARCP, precludes this court from altering the lower court's findings unless those findings are clearly erroneous. Whigham v. Travelodge International, Inc.,349 So.2d 1078 (Ala. 1977).
Holding, as we do today, the standards set forth in § 5-129, Tit. 13A, are constitutionally valid, and finding no error in the circuit court's application of those standards, the order transferring the cases against Brown to the circuit court for trial is affirmed.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.