Defendant, Sherry Ann Gulledge, age 17, was charged with the murder of Sarah Hannah. Pursuant to Code 1975, § 12-15-34, a motion was filed by the district attorney *Page 220 
to transfer Gulledge to the circuit court for prosecution as an adult. After a hearing upon the motion to transfer, an order was entered transferring Gulledge to the Circuit Court of Calhoun County. The defendant appealed from that order.[1] For the reasons set out herein, we affirm.
On September 2, 1981, the body of Sarah Hannah was discovered in her home at Oxford, Alabama. The cause of death was determined to have been blunt force trauma to the head.
The State presented evidence that the defendant and a companion were present in the yard and porch, and at the dinner table, of the decedent, with her consent, approximately four days prior to the decedent's death. The State, over defendant's objection, presented evidence that the decedent had picked up defendant and her companion while they were hitchhiking approximately two weeks before decedent's death.
A witness for the State testified that defendant and her companion were seen in the parking lot of a grocery store near the decedent's home on the afternoon prior to her death. Over defendant's objection as to hearsay, the State was permitted to show that the defendant and her companion were seen in Midwest City, Oklahoma, in possession of a vehicle which fit the description of a vehicle belonging to the decedent. The State, over defendant's objection, was allowed to present evidence that a television set allegedly taken from the decedent's home was recovered from an apartment in Oklahoma where defendant and her companion had stayed.
Pursuant to Code 1975, § 12-15-34 (f), the Court set forth its reasons for granting the motion to transfer, including a finding of probable cause to believe the allegations against the defendant were true and correct.
Appellant argues that evidence establishing that decedent had picked up Gulledge and her companion hitchhiking and that Gulledge was in possession of a vehicle and a television set belonging to decedent was improper hearsay and should not have been admitted to show probable cause.
The first issue presented on appeal is whether in a hearing on a motion to transfer the juvenile from juvenile court to the circuit court for criminal prosecution hearsay evidence is admissible to show probable cause that the juvenile committed the criminal act in question.
A hearing on a motion to transfer has been held to be properly classified as a probable cause hearing. Duncan v.State, 394 So.2d 930 (Ala. 1981); Terrell v. State,379 So.2d 1238 (Ala. 1980); Winstead v. State, 371 So.2d 418 (Ala. 1979);Williams v. State, 361 So.2d 1157 (Ala. 1978); Brown v. State,353 So.2d 1384 (Ala. 1978). Such a hearing is not designed to determine the guilt or innocence of the juvenile, but is, instead, a hearing to determine whether the juvenile should be transferred from juvenile court for prosecution as an adult.Brown, 353 So.2d at 1388. It has been established that the strict rules of evidence do not apply in probable cause hearings. This Court in Winstead v. State, 371 So.2d 418 (Ala. 1979), held that a voluntary confession of a defendant is admissible in a transfer proceeding even though no attorney was present at the time the confession was made. In Vincent v.State, 349 So.2d 1145 (Ala. 1977), this Court determined that the uncorroborated testimony of an accomplice was sufficient basis for finding probable cause. In Armstrong v. State,294 Ala. 100, 312 So.2d 620 (1975), the uncorroborated testimony of an accomplice was held to be admissible in a probation revocation hearing, even though it would not have been admissible in a criminal trial.
Since a transfer hearing does not determine the guilt or innocence of the juvenile, latitude is permitted in admitting evidence which would be otherwise inadmissible in a criminal prosecution. Winstead, 371 So.2d at 420. We hold that the evidence *Page 221 
in question was properly considered by the trial judge in the hearing on the motion to transfer.
Appellant next asserts error in the trial judge's consideration of the factors set forth in Code 1975, § 12-15-34 (d). The trial court can grant a motion to transfer only after considering the six factors listed in § 12-15-34 (d) and finding that probable cause exists to believe that the allegations are true. Duncan, 394 So.2d at 932. The factors set forth in § 12-15 34 (d) are:
"(1) The nature of the present alleged offense;
 "(2) The extent and nature of the child's prior delinquency record;
 "(3) The nature of past treatment efforts and the nature of the child's response to such efforts;
"(4) Demeanor;
 "(5) The extent and nature of the child's physical and mental maturity; and
 "(6) The interests of the community and of the child requiring that the child be placed under legal restraint or discipline."
The trial court's order read as follows:
 "This matter came before the Court for hearing on a Motion to Transfer, filed pursuant to 12-15-34 of the Code of Alabama, 1975, by the Honorable Catherine S.
 Roberts, Assistant District Attorney. The child was present in Court with her appointed attorney, the Honorable Wilford Lane. Also present was the Honorable Joe Hubbard, Assistant District Attorney, and Nancy Hathorn, Juvenile Probation Officer assigned to this case. The Court received testimony and the probation officer's report filed pursuant to 12-15-34 (e), and considering the testimony, the probation officer's report and all aspects as required to be considered under such motion under 12-15-34 (d), finds as follows:
 "1. That probable cause exists that the offense of murder as charged was committed and that said child committed said offense.
 "2. That said child at the time the alleged offense occurred was over 14 years of age and the act she was alleged to have committed would be a felony had she been an adult.
"3. That said child is married.
 "4. That said child is 17 years of age and of small stature but appears to be physically mature.
 "5. That said child appears to have no past record in this or any other Court.
 "The Court considering the above findings of fact, the interest of the community, the child herein, the nature of the present alleged offense, and the child's physical and mental maturity,
 "It is therefore ORDERED, ADJUDGED AND DECREED that the said Sherry Ann Gulledge be and is transferred to the Circuit Court of Calhoun County for criminal prosecution as an adult and is bound over to the grand jury for further investigation. No bond is set by the Court due to insufficient evidence being presented at the transfer hearing on which to base a bond amount."
Appellant asserts that no evidence as to the child's reputation in the community, her ability to respond to treatment, her education, intelligence, or school record was offered by the probation officer or considered by the trial court.
The United States Supreme Court in Kent v. United States,383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966), held that a hearing must be held before a transfer is permitted. The Court explained its decision: "[W]e hold that it is incumbent upon the Juvenile Court to accompany its waiver order with a statement of the reasons or considerations therefor. We do not read the statute as requiring that this statement must be formal or that it should necessarily include conventional findings of fact. But the statement should be sufficient to demonstrate that the statutory requirement of `full investigation' has been met. . . ." 383 U.S. at 561,86 S.Ct. at 1057.
This Court has held that a transfer order containing a mere recitation of the factors set out in § 12-15-34 (d) is valid under the *Page 222 
standards established by Kent if the evidence adduced at the hearing, measured against the standards set by § 12-15-34 (d), provides a meaningful review of the sufficiency of the transfer order. Brown, 353 So.2d at 1388. However, the trial court's ruling may be found erroneous if the order issued does not state that the court has considered the six factors set out in § 12-15-34 (d). Bragg v. State, 416 So.2d 715 (Ala. 1982). The order in the case sub judice states that the court has considered the statutory factors.
The court in the present case appears to have made specific, although not detailed, findings regarding each of the statutory factors. This Court has upheld a transfer order even though the order failed to specifically enumerate the six factors, so long as the circuit court stated that it had considered the factors under § 12-15-34 (d). Mayne v. State, 416 So.2d 741 (Ala. 1982). The transfer order in Reeves v. State, 419 So.2d 217
(Ala. 1982), is distinguishable. In Reeves, the order merely noted that the charge was a serious crime and expressed the opinion that the defendant could not be properly treated or disciplined in the juvenile system. The order did not indicate that the court had considered the statutory factors. In reversing the transfer order, this Court found that the lower court had considered only two of the six factors.
The court in the case before us set forth its findings and indicated that it had considered the probation officer's report and the statutory factors. We find that the record and the order of the trial court correctly reflect a consideration of the six factors set out in § 12-15-34 (d).
As this Court pointed out in Brown, "It is axiomatic that on appeal to this court there will be a review of the record." 353 So.2d at 1388. Reversal of the lower court's findings is precluded unless those findings are clearly erroneous. Brown v.State, 353 So.2d at 1388.
After a review of the record, we are unable to say that the trial court erred in any respect under Code 1975, § 12-15-34, in ordering Gulledge transferred for criminal prosecution.
AFFIRMED.
JONES, SHORES, BEATTY and ADAMS, JJ., concur.
[1] This appeal was taken prior to the March 1, 1982, amendment to Rule 28, Rules of Juvenile Procedure.