TYSON, Judge.
Larry O’Neal Tucker, a juvenile, appeals from an order transferring this case from the juvenile court to the adult division of the Lauderdale Circuit Court.
Tucker appeals pursuant to the Rules of Juvenile Procedure adopted effective March 1, 1982, see A.R.J.P. 28(C)(1).
On June 30,1982, the State filed a motion with the juvenile court to transfer the appellant to the circuit court for prosecution as an adult. After a hearing on June 30, 1982, the juvenile court issued an order to certify appellant as an adult and to transfer the case. The juvenile court judge made the following findings: (R. 56).
“The Court having considered the motion of the District Attorney requesting that this case be transferred for criminal prosecution, the Court finds that:
“1. Said child was 14 years of age or older at the time of the alleged conduct.
“2. (X) The alleged conduct is an act which, if committed by an adult, would constitute a felony.
“(X) The said child was 14 years of age or older at the time of the alleged conduct and was under commitment to the Alabama Department of Youth Services as a delinquent at the time of said conduct.
“3. The report required by the Code of Alabama, Sec. 12-15-34(e) has been filed with the Court, and considered by the Court.
“4. The Court finds no grounds to believe that said child is committable to an institution or agency for the mentally retarded or mentally ill.
“5. There is probable cause for believing that the allegations in the above numbered case are true and correct.
“6. The resources presently available to the Juvenile Court
“(X) have been shown not to be successful in dealing with the delinquent behavior of said child.
“do not appear appropriate for dealing with the delinquent behavior of said child.
“7. It is in the best interest of the child and the community that the motion of the District Attorney be granted.
“IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT this case be transferred to the Circuit Court of the Eleventh Judicial Circuit for criminal prosecution. Said child is to be removed to the Lauderdale County Jail for processing as an adult. The Clerk of the Court shall forward all necessary papers to the Clerk of said Circuit Court. Bond in this case is set at $5000.00.
“Cost is suspended.
“Done this the 30th day of June, 1982.”
I
This order fully meets the requirements of § 12-15-34, Code of Alabama 1975. It indicates that the court considered the six factors outlined in § 12-15-34(d)(l)-(6). The Alabama Supreme Court *515 has previously determined that a mere restatement of the factors set out in the statute is sufficient. McKinney v. State, 404 So.2d 639 (Ala.1981); Duncan v. State, 394 So.2d 930 (Ala.1981); Brown v. State, 353 So.2d 1384 (Ala.1977).
In addition, the order discloses that the court found there was probable cause to believe a crime occurred and the defendant committed it. See Duncan v. State, supra. The evidence adduced at the transfer hearing amply supported the finding of probable cause and there is no contention here to the contrary.
The appellant argues that the trial court considered hearsay evidence with reference the value of the alleged stolen goods and this testimony should not have been admitted into evidence.
The Alabama Supreme Court in Gulledge v. State, 419 So.2d 219 (Ala.1982), determined that a trial judge may properly allow hearsay testimony in a transfer hearing. The strict rules of evidence do not apply in a juvenile transfer hearing. Gulledge, supra.
Such transfer hearing is not a hearing to adjudicate the guilt or innocence of the child accused of a crime, but rather, such hearing is a probable cause hearing to determine whether the child should be transferred out of the juvenile court for criminal prosecution as an adult. Brown v. State, 353 So.2d 1384 (Ala.1977).
II
The trial court’s order of June 30,1982, is hereinabove set forth in pertinent part. The issue of whether or not probable cause exists to believe the allegations asserted are true. Duncan v. State, 394 So.2d 930 (Ala.1981). The order herein set forth sufficiently reflects consideration of the six factors enumerated in § 12-15-34(d), Code of Alabama 1975. There is substantial evidence upon which to find probable cause that the offenses alleged have been committed, and that the appellant is, in fact, the offender.
This court will not interfere with a lower court’s order transferring a juvenile to circuit court for criminal prosecution as an adult unless such order is “clearly erroneous.” Williams v. State, 361 So.2d 1157 (Ala.1978). We cannot say the order in question is “clearly erroneous.” The order of the lower court is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.