John Charles Spellman, a juvenile, appeals from an order transferring this case *Page 697 
from the juvenile court to the adult division of the Dale Circuit Court.
Spellman appeals pursuant to the Rules of Juvenile Procedure adopted effective March 1, 1982. See A.R.J.P. 28 (C)(1).
On October 4, 1984, the district attorney filed a motion with the juvenile court to transfer this appellant to the circuit court for prosecution as an adult. A hearing was conducted in the district court on October 5, 1984 after which the district judge entered an order certifying the appellant as an adult and transferring this cause to circuit court. The district court judge made the following findings: (R. 10).
"ORDER TO TRANSFER FROM JUVENILE COURT TO ADULT COURT
 "This cause coming on to be heard upon the Motion of the Chief Deputy District Attorney of the 33rd Judicial Circuit requesting that John Charles Spellman, over the age of 14 years, be transferred to adult court for criminal prosecution, and this Court having conducted a hearing on said motion for the purpose of determining whether it is in the best interest of the child, or the public to grant said motion, and this court having determined that there are not reasonable grounds to believe that the child is committable to an institution or agency for the mentally ill, and having considered the nature of the present offense alleged, it being: Capital Murder, and the extent and nature of the child's prior delinquency record, and having considered the nature of past treatment efforts and the nature of the child's response to said efforts, and the child's demeanor, the nature and extent of the child's physical and mental maturity, and the interest of the community that the child be placed under legal restraint or discipline. And this Court having received the report of the probation officer and having reviewed the entire file and heard the witnesses and arguments of counsel is of the opinion that the said child can no longer benefit from those services that can be offered him in the Juvenile Court. And further this Court having conducted a hearing and heard such witnesses as were offered and heard the arguments of counsel finds that there is probable cause to believe that the allegations contained in the Petition against the said child are true and correct.
 "THEREFORE, it is the Order of this Court that the child, John Charles Spellman, be and he is hereby ORDERED transferred to the adult division of the Circuit Court of Dale County, Alabama, there to be proceeded against as if he was an adult on those charges now pending against him.
"This the 5th day of October, 1984.
 /s/ Val L. McGee, II
Judge, District Court Dale County, Alabama"
 I
This order fully meets the requirements of § 12-15-34, Code of Alabama 1975. It indicates that the court considered the six factors outlined in § 12-15-34 (d)(1)-(6). The Alabama Supreme Court has previously determined that a mere restatement of the factors set out in the statute is sufficient. McKinney v.State, 404 So.2d 639 (Ala. 1981); Duncan v. State,394 So.2d 930 (Ala. 1981); Brown v. State, 353 So.2d 1384 (Ala. 1977).
 II
In addition, the order discloses that the court found there was probable cause to believe a crime occurred and the defendant committed it. See Duncan v. State, supra. The evidence adduced at the transfer hearing amply supported the finding of probable cause and there is no contention here to the contrary.
The appellant argues that the trial court considered hearsay evidence with reference to the value of the alleged offense.
The Alabama Supreme Court in Gulledge v. State, 419 So.2d 219
(Ala. 1982) determined that a trial judge may properly allow hearsay testimony in a transfer hearing. The strict rules of evidence do not apply in *Page 698 
a juvenile transfer hearing. Gulledge, supra.
Such transfer hearing is not a hearing to adjudicate the guilt or innocence of the child accused of a crime, but rather, such hearing is a probable cause hearing to determine whether the child should be transferred out of the juvenile court for criminal prosecution as an adult. Brown v. State,353 So.2d 1384 (Ala. 1977); Ash v. State, 424 So.2d 1381 (Ala.Crim.App. 1982), cert. denied, 424 So.2d 1381 (Ala. 1983); Tucker v.State, 426 So.2d 513 (Ala.Crim.App. 1982).
Moreover, there is no specific requirement that the six factors mentioned hereinabove need specifically be enumerated in the trial court's order. Mayne v. State, 416 So.2d 741 (Ala. 1982).
However, pursuant to § 12-15-34 (f), the transfer order must contain proof that each of these factors was considered by the court when rendering its decision. McKinney v. State,404 So.2d 639 (Ala. 1981). Williams v. State, 461 So.2d 1339 (Ala. 1984).
 III
Appellant next asserts that the trial court erred in denying his motion for continuance made at the outset of the transfer hearing because counsel had only approximately 24 hours to prepare for the hearing in this cause and to present a defense.
Counsel cites to this court Kent v. United States,383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966) and points out that a transfer hearing demands a meaningful review and full investigation of the facts.
Mindful of the language of the United States Supreme Court inKent, supra, the Alabama Supreme Court in Brown v. State,353 So.2d 1384 (Ala. 1977) noted that "[i]t is well recognized that a transfer hearing is not a hearing to adjudicate the guilt or innocence of the child accused of a crime but is, instead, a probable cause hearing to determine whether the child should be transferred out of the juvenile court for criminal prosecution as an adult."
It should be here noted that the trial court advised counsel in overruling his motion that the probation officer would testify, that counsel had already had an opportunity to go over the probation officer's report, that a certified copy of the indictment in the present case was being admitted into evidence and that the juvenile in question had been charged under this indictment with capital murder; further, that in a prior felony conviction in this cause, the appellant had been charged with third degree robbery and sentenced to 10 years, and that such was also placed in the record. The trial judge having noted the foregoing, determined that the motion for continuance should be denied because there would be no further inquiry into the facts, since the district attorney had advised that he did not offer any witnesses on the issue of probable cause, thus no specific preparation was necessary on this issue. Counsel for the defendant had seen the transfer report and was able to cross-examine the party who prepared same. Under these circumstances, we are of the opinion that the trial court properly denied the motion for a continuance in this cause.
 IV
Finally, counsel for appellant argues that there was not sufficient evidence presented during the transfer hearing to establish probable cause. Specifically, counsel for the appellant argues that the only evidence presented on the issue of probable cause was a certified copy of the capital murder indictment in this cause. (State's Exhibit 2).
In discussing the role of a preliminary hearing in Elmore v.State, 445 So.2d 943 (Ala.Crim.App. 1983), this court stated:
 "The purpose of a preliminary hearing is to determine probable cause. The indictment satisfies this requirement. A repetitious inquiry to determine probable cause after indictment is not necessary. Scaife v. State, 337 So.2d 146 (Ala.Cr.App. 1976); Ex parte Campbell, 278 Ala. 114, 176 So.2d 242 (1965); Duncan v. *Page 699 State, 369 So.2d 885 (Ala.Cr.App. 1979); Ex parte Potts, 426 So.2d 896 (Ala. 1983). It has long been held that an accused has no absolute right to a preliminary hearing in Alabama after an indictment has been returned by the grand jury. Hammond v. State, 354 So.2d 280 (Ala.Cr.App. 1977); cert. denied, 354 So.2d 294 (Ala. 1978), cert. denied, 439 U.S. 823, 99 S.Ct. 91, 58 L.Ed.2d 115 (1978)."
Similarly, in Potts v. State, 426 So.2d 886 (Ala.Crim.App. 1982), affirmed, 426 So.2d 896 (Ala. 1983), this court stated:
 "There is no constitutional requirement in Alabama that there be two inquiries into probable cause. Duncan, supra; Ex Parte Campbell, 278 Ala. 114, 176 So.2d 242 (1965). Neither does constitutional due process require a preliminary hearing, although Alabama by statute provides that if the accused makes a demand for a preliminary hearing within thirty days of his arrest, a hearing must be held within a reasonable time following his demand." (Citations omitted).
In passing on this issue at the transfer hearing, the trial court noted the following: (R. 18).
". . .
"1) The nature of the present alleged offense.
 "Mr. District Attorney, you have introduced the indictment and the state of the evidence at this point. That is the only evidence that we have as to the nature of the present alleged offense, is that correct?
"MR. MATTHEWS: Yes, sir.
"THE COURT: Okay."
Under the authorities herein cited, we are of the opinion that the placing in evidence of a certified copy of the indictment in this cause (State's Exhibit 2) was sufficient proof of the nature of the charge which became the basis of the District Attorney's motion to request a transfer. No further proof on this issue was required inasmuch as it is not necessary to conduct two probable cause hearings under the authorities above noted. We therefore find no error.
This court will not interfere with the lower court's order transferring a juvenile to circuit court for criminal prosecution as an adult unless such order is "clearly erroneous". Williams v. State, 361 So.2d 1157 (Ala. 1978). We cannot say the order in question is "clearly erroneous".
The order of the lower court is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.