On February 12, 1985, this court, 475 So.2d 631, unanimously, directed that a further hearing be conducted in District Court in Morgan County, Alabama, to determine whether or not the opinion of the Supreme Court of Alabama in Whisenant *Page 634 v. State, 466 So.2d 1006 (Ala. 1985) was followed in determining the voluntariness of any statement made by Smith at the time of his arrest and interrogation. Pursuant to this court's opinion, the District Court of Morgan County has conducted a full hearing with counsel present and representing the appellant, Timothy Scott Smith.
A complete return has been filed showing the hearing and the testimony taken at such hearing.
While this proceeding was being heard in district court the State of Alabama petitioned the Supreme Court of Alabama for writ of certiorari and on July 19, 1985, the Supreme Court of Alabama quashed the petition as being improvidently granted and returned this cause to this court for an opinion.
 I
The initial order transferring this cause to circuit court for trial as an adult was filed June 23, 1983, with the circuit clerk, and such order reads as follows: (R. 17-17A).
 "IN RE: TIMOTHY SCOTT SMITH IN THE DISTRICT COURT
OF MORGAN COUNTY, ALABAMA
JUVENILE DIVISION
CASE NO. JU83-209
"ORDER OF TRANSFER TO CRIMINAL COURT
 "This cause comes on for hearing this date on the motion of the State under Section 12-15-34, CODE OF ALABAMA 1975 for transfer of these Juvenile Court proceedings to the Circuit Court of Morgan County for criminal prosecution of the above named child (hereinafter "the child"). The child is present in person with his mother and his attorney. The State is represented by the Deputy District Attorney. The cause is submitted on the evidence adduced in open court and the study and written report of probation services made in compliance with Section 12-15-34 (e), supra. Upon consideration thereof and upon consideration of all factors set forth in Section 12-15-34 (d), supra, the Court finds that:
 "(1) the child is alleged to have committed the offense(s) of murder of Robert Preston Smith and Mary Christine Smith,
"being no less than 14 years of age;
 "(2) there is probable cause to believe that said offense(s) was committed and that it was committed by the child;
 "(3) there are no reasonable grounds to believe the child is committable to an institution or agency for the mentally retarded or mentally ill;
 "(4) the child is not amenable to the treatment, supervision, rehabilitation services, and other services available to him within the juvenile justice system; and
 "(5) it is in the best interest of the public that the State's motion be granted.
"Upon consideration of the foregoing, it is hereby
 "ORDERED, ADJUDGED, AND DECREED that jurisdiction over the child and the above referenced pending charge be transfered to the Circuit Court of Morgan County for criminal prosecution therein; that copies hereof be served upon the Circuit Clerk, the District Attorney and the Sheriff, all of this County, and upon the child by his attorney of record; and that the child be remanded to the custody of the Sheriff pending the posting of bail, which is fixed in the amount of $25,000.00.
 "In view of the child's age and the gravity of his situation, the Court requests that the Sheriff make provisions as he can for his safety from harm at the hands of other inmates and himself.
 /s/ David Bibb
JUVENILE JUDGE"
This order fully meets the requirements of § 12-15-34, Code of Alabama 1975. It indicates that the trial court considered the *Page 635 
six factors outlined in § 12-15-34 (d)(1-6). The Alabama Supreme Court has previously determined that a mere restatement of the factors set out in the statute is sufficient. McKinneyv. State, 404 So.2d 639 (Ala. 1981); Duncan v. State,394 So.2d 930 (Ala. 1981); Brown v. State, 353 So.2d 1384 (Ala. 1977).
In addition, this order discloses that the trial court found that there was probable cause to believe a crime occurred and the defendant committed it. See Duncan v. State, supra. The evidence at the transfer hearing amply supported the finding of probable cause and there is no contention here to the contrary.
The appellant argues the trial court considered hearsay evidence with reference to the offense in question.
This issue has been adversely determined to him by the Supreme Court of Alabama in Gulledge v. State, 419 So.2d 219
(Ala. 1982) which opinion indicates that a trial judge may properly allow hearsay testimony in a transfer hearing. The strict rules of evidence do not apply in a juvenile transfer hearing. Gulledge, supra. See also Spellman v. State,469 So.2d 695 (Ala.Crim.App. 1985).
Such transfer hearing is not a hearing to adjudicate the guilt or innocence of the child accused of a crime but, rather, such hearing is a probable cause hearing to determine whether the child should be transferred out of the juvenile court for criminal prosecution as an adult. Brown v. State,353 So.2d 1384 (Ala. 1977); Ash v. State, 424 So.2d 1381 (Ala.Crim.App. 1982), cert. denied, 424 So.2d 1381 (Ala. 1983); Tucker v.State, 426 So.2d 513 (Ala.Crim.App. 1982).
Moreover, there is no specific requirement that the six factors mentioned hereinabove need specifically be enumerated in the trial court's order. Mayne v. State, 416 So.2d 741 (Ala. 1982).
However, pursuant to § 12-15-34 (f), the transfer order must contain proof that each of these factors was considered by the court when rendering its decision. McKinney v. State,404 So.2d 639 (Ala. 1981); Williams v. State, 461 So.2d 1339 (Ala. 1984).
 II
The appellant contends that the requirements of Whisenant v.State, 1985, 466 So.2d 1006 (Ala. 1985) and the Alabama Rules of Juvenile Procedure, Rule 11 (A)(4) were not here followed in that proper warnings as required by Miranda v. Arizona,384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) and the above requirements of Rule 11 (A) were not here properly established.
As herein mentioned a full hearing was conducted in district court squarely on this issue. The order of the district court is contained in the supplemental transcript as filed in this court which is dated May 25, 1985 and reads as follows:
 "IN RE: TIMOTHY SCOTT SMITH IN THE JUVENILE COURT OF MORGAN COUNTY, ALABAMA
CASE NO. JU83-209
"ORDER
 "Pursuant to order and opinion of the Alabama Court of Criminal Appeals in `Timothy Scott Smith v. State of Alabama', 8 Div. 68, on rehearing, a supplemental hearing was held herein on March 19, 1985, and March 21, 1985. Sworn oral testimony was taken and other evidence introduced. Based upon the evidence adduced at the transfer hearing of June 22, 1983, and the said supplemental hearing, the court finds and adjudges as follows:
 "1. All statements of Timothy Scott Smith received into evidence were voluntary and uncoerced.
 "2. Probable cause to believe that the offense charged was committed and was committed by Timothy Scott Smith is established by a pre-custodial statement made by the accused to Trooper Mark Fagan at the scene of accused's subsequent arrest and other admissible evidence without resort to any other *Page 636 
statement or statements of the accused introduced into evidence.
 "3. The confession of Timothy Scott Smith to Trooper Fagan about 7:00 P.M. on April 30, 1983 was spontaneous, not the product of police questioning, and voluntary. Such statement is not compelled testimony subject to exclusion absent a Miranda
warning. A fortiori, Rule 11 (A)(4), ARJP, a nonconstitutional adjunct to the Miranda warnings, does not apply to exclude such a statement.
 "4. No statement of the accused admitted at the original hearing was admitted over objection grounded upon failure of compliance with Rule 11, (A), (4), ARJP.
 "5. Rule 11, (A)(4), ARJP was complied with and knowingly and intelligently waived when accused was told that his mother was on the telephone wishing to talk with him and he declined to talk with her, at a time when he was in the breast of the Juvenile Court of Sumter County, Tennessee, had been advised of his Miranda rights and had waived such rights.
 "6. At the time of accused's confession about 7:00 P.M., April 30, 1983, he had been advised of charges against him, his constitutional rights, and his procedural posture by the Juvenile Court of Sumter County, Tennessee, at a detention hearing/arraignment and had had the benefit of consultation with appointed counsel. Rule 11 (A)(4), ARJP is intended to protect the juvenile suspect's rights at the time he is initially reduced to custody and is not applicable after he is under the active protection of a juvenile court.
 "The foregoing numbered paragraphs constitute alternative holdings of the court.
"Done and Ordered this 27th day of May, 1985.
 /s/ David Bibb
Judge of the Juvenile Court of Morgan County, Alabama"
At the hearing conducted in trial court the testimony of Trooper Mark Fagan, who made the investigation and arrest of this appellant, was taken. Trooper Fagan testified that his initial arrest was for driving on the wrong side of the road and also for having an improper motor vehicle license, that being for the operation of a motorcycle only. It was only after Trooper Fagan attempted to contact the authorities in Alabama, because this is where the registration papers were from, that he determined that the appellant was a juvenile, age 15. He then contacted the appellant's stepfather and mother and offered them an opportunity to talk with the appellant. His mother and stepfather advised Trooper Fagan that the appellant was residing with his grandparents and gave him their name and address. Trooper Fagan then went back to the appellant to see about contacting them and appellant told him that both grandparents were now deceased, that his grandfather had died about two years ago and that his grandmother had just recently passed away and that she was the owner of the automobile that he was driving. Trooper Fagan then contacted the Alabama authorities with reference to the grandparents because the appellant's stepfather and mother had indicated that the grandparents were "alive", where the appellant had advised him that they were "deceased". Trooper Fagan then asked the Alabama authorities to investigate the matter.
In the meantime Fagan contacted Judge Tom Gray who had the appellant brought before him and made certain that Trooper Fagan had advised appellant of his Miranda rights and of his rights to confer with a lawyer as well as with his parents or guardian. Judge Gray then conducted a hearing, since he had juvenile jurisdiction in the county wherein the arrest had taken place, and found that the appellant was a young man, just 15 years old, driving in Sumter County, Tennessee, without a driver's license and had been driving on the wrong side of the road.
Upon being advised by Trooper Fagan that the parents had told him that appellant's grandparents were alive and upon being advised by appellant that they were deceased Judge Gray decided that it was *Page 637 
necessary to hold a juvenile detention hearing.
In the meanwhile, Trooper Fagan had been in touch with the authorities in Morgan County, Alabama, and requested that they investigate as to the status of the appellant's grandparents. Upon being advised by the Alabama authorities that there had been a double homicide Trooper Fagan then advised Judge Gray and a hearing was held with the Alabama authorities being asked to come to Tennessee. The appellant then waived extradition to Alabama after being again advised of all of his constitutional rights and being given an opportunity to confer with counsel, which he did.
This court has carefully gone over the supplemental transcript of the additional hearing and finds that the transcript fully supports the findings of the district judge as hereinabove set forth.
This court will not interfere with the lower court's order transferring a juvenile to circuit court for criminal prosecution as an adult unless such order is "clearly erroneous". Williams v. State, 361 So.2d 1157 (Ala. 1978);Spellman v. State, 469 So.2d 695 (Ala.Crim.App. 1985). We cannot say that the order in question is "clearly erroneous".
The order of the lower court is due to be and the same is, hereby, affirmed.
AFFIRMED.
All the Judges concur.