ON APPLICATION FOR REHEARING
The opinion previously issued in this case is hereby withdrawn and the following opinion is substituted therefor.
The appellant, Nathan D. Slaton, was charged with the rape and murder of a Marshall County woman, a capital offense as defined by § 13A-5-40, Code of Alabama 1975. Appellant, age 17, was certified to be tried as an adult, and his case was transferred to the Circuit Court for Marshall County. This appeal questions the validity of the transfer order.
The state's evidence tended to show that on the morning of May 28, 1987, the victim was found dead in her home. She had been shot in the chest and strangled. There was also evidence that she had been raped. Nathan D. Slaton was arrested after a neighbor stated that she had seen him come out of the victim's home not long before her body was found. Appellant Slaton also confessed to the murder.
 I
Appellant argues that there was "a 'fixation of responsibility' for criminal acts on [him] without establishing beyond a reasonable doubt [his] responsibility for all elements of criminal acts in question."
Judge Bowen stated in Cruse v. State, 489 So.2d 694, 696
(Ala.Cr.App. 1986), as follows:
 "Because a transfer hearing involves probable cause and not guilt or innocence, 'the strict standard of proof beyond a reasonable doubt does not apply. Brown v. State, 353 So.2d 1384 (Ala. 1987). "The only standard which must be met is whether a reasonable man would believe the crime occurred and that the defendant committed it." Duncan [v. State], 394 So.2d [930] at 932 [Ala. 1981].' Ash v. State, 424 So.2d 1381, 1383
(Ala.Cr.App. 1982)."
In this case, a neighbor of the victim, Opal Bryant, testified that on the morning of May 28, 1987, she saw the appellant shooting at birds in the victim's yard. She called the victim to tell her about the appellant's actions. Ms. Bryant continued to watch the victim's house and observed the appellant go to the front door. He stood at the door for several minutes and looked back at Ms. Bryant's house before he went inside the victim's house. Ms. Bryant stated that he remained in the house for approximately 20 minutes. After the appellant left, a man who Ms. Bryant thought was the victim's brother drove up and went to the front door. He walked around to the side door and back to the front door before going in the front door. He came out almost immediately. Minutes later an ambulance and several police cars drove up to the victim's house. Her body was found in the bathroom. She had been raped, choked, and shot.
Mr. Tommy Cole, chief of detectives in the Albertville Police Department, testified that he arrested the appellant at approximately 5:30 p.m. on the day of the murder. The appellant was informed of his juvenile rights, and he signed a waiver of rights form. He made a statement in which he admitted to killing the victim by choking and shooting her. The record reveals that there was more than sufficient probable cause to transfer the appellant to the Circuit Court of Marshall County. No error occurred in this instance.
 II
Appellant next contends that the order did not comply with § 12-15-34, Code of Alabama 1975. That section provides:
 "(a) The prosecutor may, before a hearing on the petition on its merits and following consultation with probation services, file a motion requesting the court to transfer the child for criminal prosecution, if:
 "(1) The child was 14 or more years of age at the time of the conduct charged *Page 816 
and is alleged to have committed an act which would constitute a felony if committed by an adult; or
 "(2) The child is 14 or more years of age and is already under commitment to an agency, department or institution as a delinquent.
 "(b) The court shall conduct a hearing on all such motions for the purpose of determining whether it is in the best interest of the child or the public to grant the motion. If the court so finds and there are no reasonable grounds to believe he is committable to an institution or agency for the mentally retarded or mentally ill, it shall order the case transferred for criminal prosecution.
 "(c) When there are grounds to believe that the child is committable to an institution or agency for the mentally retarded or mentally ill, the court shall proceed as provided in section 12-15-70.
 "(d) Evidence of the following and other relevant factors shall be considered in determining whether the motion shall be granted;
"(1) The nature of the present alleged offense;
 "(2) The extent and nature of the child's prior delinquency record;
 "(3) The nature of past treatment efforts and the nature of the child's response to such efforts;
"(4) Demeanor;
 "(5) The extent and nature of the child's physical and mental maturity; and
 "(6) The interests of the community and of the child requiring that the child be placed under legal restraint or discipline.
 "(e) Prior to a hearing on the motion by the prosecutor, a study and report to the court, in writing, relevant to the factors listed in subsection (d) of this section shall be made by probation services.
 "(f) When a person is transferred for criminal prosecution, the court shall set forth in writing its reasons for granting the motion, which shall include a finding of probable cause for believing that the allegations are true and correct."
A hearing was held at which appellant was represented by counsel. The juvenile court issued the following order:
 "1. That the juvenile Nathan D. Slaton, is a male of the age of 17 years, date of birth being, to-wit: 10-5-69.
 "2. That the following felony has been committed in Marshall County, Alabama, to-wit: Murder While Committing Rape and that there exists probable cause to believe that said felony was committed by the juvenile, Nathan D. Slaton and that at time of commission of the felony the juvenile was over fourteen (14) years of age.
 "3. That the juvenile Nathan D. Slaton, appears to be of sound mind and not committable to an agency or an institution for the mentally retarded or the mentally ill, and there are no reasonable grounds to believe that he is committable to such an institution.
 "4. The court has considered all of the six factors and other relevant factors, including the report of the Probation Office, the evidence taken herein, as required by § 12-15-34 of the Code of Alabama, 1975, as last amended. That because of (1) the nature of the alleged offense; (2) the extent and nature of the child's prior delinquency record which the court finds is a serious record; (3) the nature of past treatment efforts and the nature of the child's response to such efforts; (4) the child's demeanor; (5) the extent and nature of the child's physical and mental maturity, which the court finds to be at least average for a child 17 years of age and (6) the interests of the community and of the child requiring that the child be placed under legal restraint or discipline.
 "It is, therefore, ORDERED, ADJUDGED, and DECREED by the Court that Nathan D. Slaton, be and [he] is hereby transferred to the Criminal Court of the Twenty-seventh Judicial Circuit of Alabama, for disposition of matters complained of in juvenile petition filed in this court, and for prosecution as an adult." *Page 817 
As our Supreme Court stated in Gulledge v. State,419 So.2d 219 (Ala. 1982), "a transfer order containing a mere recitation of the factors set out in § 12-15-34(d) is valid under the standards established in Kent [v. United States, 383 U.S. 541,86 S.Ct. 1045, 16 L.Ed.2d 84 (1966),] if the evidence adduced at the hearing, measured against the standards set by § 12-15-34(d), provides a meaningful review of the sufficiency of the transfer order." Gulledge, 419 So.2d at 221-22. "[T]here is no specific requirement that the six factors mentioned hereinabove need specifically be enumerated in the trial court's order." Spellman v. State, 469 So.2d 695, 698
(Ala.Cr.App. 1985). Proof that the six factors were considered is sufficient. See Spellman, supra.
The records reflects that the trial court complied with the requirements needed to fulfill § 12-15-34, Code of Alabama 1975.
 III
Appellant further contends that the trial court failed to consider his past record, psychiatric treatment, and documented medical problems. The juvenile court had before it a thorough report prepared by the chief juvenile probation officer of Marshall County. The transfer report read:
 "The extent and nature of the child's prior delinquency record:
 "Nathan D. Slaton was found to have a delinquency record in Jefferson County Family Court, Watertown, New York. In 1984, he was convicted of the following offenses: 2 counts of burglary 2nd, petit larceny, robbery 2nd, and assault 3rd. He was placed with the New York State Division for Youth for one year.
 "The nature of past treatment efforts and the nature of the child's response to such efforts:
 "The exact nature of treatment efforts that were used during Nathan's time spent with the New York State Department for Youth is not known at this time. School records obtained from Warner Robbins High School indicate that Nathan was treated at the St. Lawrence Psychiatric Center in 1985. Reports of the Psycoeducational Center of this facility show that Nathan was mature, motivated, and related well to other students.
"Demeanor:
 "Since Nathan D. Slaton was taken into custody, his conduct has been similar to other children charged with a crime of a serious nature. On the occasions this officer has talked with the child, he has been polite and answered questions calmly. His conduct while detained at the Coosa Valley Youth Detention Center has been good except for one incident of arguing with a staff member. It was stated by a staff member of the detention facility that Nathan seemed somewhat moody but he did interact with other youth.
 "The extent and nature of the child's physical and mental maturity:
 "Nathan D. Slaton is physically mature compared to children in his age group. School records obtained from Warner Robbins High School and St. Lawrence Psychiatric Center indicate that Nathan is of average intelligence, mature, motivated, and relates well to other students. On the occasions that this officer interviewed Nathan, he was alert, aware of time and place, and answered questions straight forwardly and with thought. At the Detention Center, there were no overt acts which indicated he might be suffering any psychological symptoms and there were no threats or attempts of suicide noted by the staff.
 "The interests of the Community and of the child requiring that the child be placed under legal restraint or discipline: "It is the opinion of this officer after interviewing a number of people in the community that the child should be placed under legal restraint or discipline. The consensus of the people interviewed indicate a belief that the child should be transferred to criminal court and that he should be detained until a hearing is held in this matter."
The record supports the finding by the juvenile court. Accordingly the decision to transfer the appellant to the Circuit Court of Marshall County is due to be affirmed. *Page 818 
 APPLICATION FOR REHEARING GRANTED; ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
All the Judges concur.