BOWEN, Judge.
William Lewis, Jr. was convicted of trafficking in cocaine in violation of Ala. Code 1975, § 20-2-80, and of felony possession of marijuana in violation of § 20-2-70. He was given consecutive sentences of 10 and 3 years’ imprisonment and was fined a total of $55,000. On this appeal from those convictions, Lewis contends that the trial court erred in denying his motion to continue the trial to allow him to secure the presence of an absent out-of-state witness.
“If the following principles are satisfied, a trial court should grant a motion for continuance on the ground that a witness or evidence is absent: (1) the expected evidence must be material and competent; (2) there must be a probability that the evidence will be forthcoming if the case is continued; and (3) the moving party must have exercised due diligence to secure the evidence.”
Ex parte Saranthus, 501 So.2d 1256, 1257 (Ala.1986). Here, the trial court properly denied the continuance because Lewis failed to satisfy the third principle.
The absent witness was the State’s informant, Willie Hunt. The testimony he allegedly could have given went to the issue of jmobable cause to stop the stolen automobile driven by Lewis. The drugs were
found in the automobile pursuant to a subsequent inventory search. The absent witness resided in Miami, Florida. He apparently received a subpoena issued by the Pike Circuit Court clerk’s office. In a telephone conversation with defense counsel, the witness indicated that he was “trying to see what could be done for him not to have to come. But he never indicated that he would not come.”
Here, there was simply no showing that the defendant had exercised due diligence to secure Hunt’s attendance at trial, because defense counsel failed to employ the provisions of the Uniform Act to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings, found in Ala.Code 1975, § 12-21-283. Florida has adopted the uniform act. Fla.Stat. §§ 942.-01-.06 (rev.1982). See Anderson v. State, 362 So.2d 1296, 1302 (Ala.Cr.App.1978) (“Because the prosecution did not utilize the provisions of the Uniform Act to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings or a writ of habeas corpus ad testificandum or by any other means show that the witness was unavailable to testify, we cannot characterize the State’s efforts to produce the witness as having been made with due diligence or in good faith.”).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.