PER CURIAM.
H.P.W. was arrested for capital murder, in violation of § 13A-5-40(a)(10), Code of Alabama 1975. He appeals from the juvenile court’s transfer order directing that he be tried as an adult. He raises three issues on review. We need not address all three issues raised by the appellant because we agree with his contention that the juvenile court abused its discretion in denying his motion for continuance.
The record reveals that a petition was filed in the juvenile court on April 18, 1991, charging the appellant with capital murder. A juvenile “pick-up” order was signed by the judge on the same day. The State also filed a petition to transfer on April 18. The defendant was ordered detained on April 20,. 1991, after a detention hearing was held. J. David Jordan represented the appellant at the hearing. On April 22, 1991, J. David Jordan and Everette A. Price, Jr., were appointed guardian ad litems for the appellant. The appellant also filed a motion for psychiatric evaluation on April 22. The appellant’s transfer hearing was held on April 23, 1991. The appellant filed a motion for continuance, in open court, immediately prior to the hearing.
Section 12-15-34(b), Code of Alabama (1975), provides for a transfer when there are “no reasonable grounds to believe [the juvenile] is committable to an institution or agency for the mentally retarded or mentally ill.” Section 12-15-34(c) states: “When there are grounds to believe that the child is committable to an institution or agency for the mentally retarded or mentally ill, the court shall proceed as provided in Section 12-15-70.”
The record reveals that there were very specific claims of serious mental illness. The appellant was almost 17 years old at the time of the hearing. The appellant’s father testified that the appellant had received counseling since he was 10 years old, and that he had received structured counseling since he was 13. He further testified that the appellant had made three suicide attempts in 1989. After each of these attempts he was treated at St. Edwards Medical Center in Arkansas. He further testified that in 1989, the appellant also entered the Sparks Regional Medical Center in Fort Smith, Arkansas, for inpatient treatment and therapy for drug abuse. The appellant’s father stated that the appellant had been in counseling for more than a year on a regular basis at the West Arkansas Counseling and Guidance Center. The appellant had also been through a seven-day psychiatric evaluation and treatment program at Harborview Mercy Medical Center in Arkansas. The appellant’s father provided the court with the names of the doctors who had treated the appellant. He also testified that the appellant had had a major psychotic episode in January, 1990, and that he had been diagnosed as suffering from depression and psychosis. The appellant had taken antidepressants including Thorazine.
Although the appellant’s probation officer recommended a transfer, he would not testify that there were no grounds to believe that the appellant was committable to an institution or agency for the mentally retarded or mentally ill. His report to the court stated, “H.P.W.’s problems seem to stem from emotional instability and drug abuse. Although this report does not include extensive information about these problems, it becomes apparent that his psychiatric record would bare more light. Understanding this situation should merit a complete evaluation of the defendant.” (Emphasis supplied.) (R. 155.) The report further stated, “He appears to show mood swings as observed for the first time; relaxed and calm one moment, nonverbal and depressed another.” (R. 155.)
We find that the juvenile court abused its discretion in denying the appellant’s motion for continuance. The appellant presented evidence that indicated a history of mental problems. The appellant’s medical records were located in Arkansas. Considering the specificity and the nature of the appellant’s evidence, as well as the probation officer’s report, we find that the juvenile court should have given him the opportunity to procure his medical records, as well as any other evidence relating to his mental problems. Upon reviewing that evidence, the *143 juvenile court could appropriately consider § 12-15-34(c) and decide whether to grant the motion for psychiatric evaluation and the petition to transfer.
For the reasons set forth above, the juvenile court’s orders denying the psychiatric evaluation and granting the transfer are set aside and the case is remanded for a new hearing. Prior to the hearing, the appellant is to be given a reasonable time to procure the above-mentioned evidence. The juvenile court can then make a determination concerning the request for psychiatric evaluation and the petition to transfer.
REVERSED AND REMANDED.
All the Judges concur.