TAYLOR, Judge.
The appellant, M.M., a juvenile, appeals from an order transferring his three eases from the Juvenile Court of Baldwin County to the circuit court so that he could be tried as an adult.
The delinquency petitions charged the appellant with two counts of capital murder, in violation of § 18A-5-40(a)(10), Code of Alabama 1975, and one count of theft of property in the first degree, in violation of § 13A-8-3, Code of Alabama 1975.
The transfer hearing was convened on September 4, 1992. The state’s evidence tended to show that Claude and Macy Poun-cy were killed in the Whitehouse Fork community of Baldwin County on August 8,1992. Sergeant Marvin Ussery with the Baldwin County Sheriffs Department testified that Mr. Pouncy had been shot three times with a shotgun and that Mrs. Pouncy had been stabbed numerous times with a double-edged knife. Sergeant Ussery also testified that composite pictures had been drawn based on descriptions given by eyewitnesses. The composite of the suspect fitting the appellant’s description showed the perpetrator with long hair. Ussery testified that he discovered that the appellant’s hair had been cut and dyed by the appellant’s girlfriend two days after the killings.
At the transfer hearing, the state attempted to introduce the videotaped statement of Joseph Lee, the appellant’s 16-year-old half-brother, who now lives in Lake City, Florida.[1] The appellant objected to the introduction of the statement on the grounds that it violated his constitutional right to confront his accusers as guaranteed by the Sixth Amendment. Based on this objection, the trial court continued the transfer hearing to allow the state to obtain Joseph Lee as a witness.
The transfer hearing resumed on September 15, 1992. The state was unable to procure Joseph Lee’s presence in the courtroom. The trial court held a hearing, during which it determined that Joseph Lee was unavailable as a witness and that his videotaped statement was reliable. The videotaped statement was then received into evidence. In that statement, Joseph Lee stated that the appellant had come to him a few days after the killings and had given him a detailed account of how he had killed the Poun-cys. After all the evidence had been presented, the trial court found probable cause to believe that the appellant had committed the crimes in question and ordered that the appellant be transferred to circuit court for trial as an adult.
I
The appellant’s main argument on appeal is that the trial court erred in receiving the videotaped statement of Joseph Lee into evidence. Specifically, he contends that he was denied a basic constitutional right, the right to confront and to cross-examine Joseph Lee. We agree and hold that the appellant was denied a fair transfer hearing because his constitutional right to confront the witnesses against him was violated.
The Sixth Amendment to the United States Constitution provides:
“In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.”
*736 (Emphasis added.) The right to confront one’s accusers is also guaranteed by the Alabama constitution. Ala. Const, of 1901, Art. I, § 6. It is also guaranteed by Rules 11(H) and 11(1) of the Alabama Rules of Juvenile Procedure. Rule 11(H) states: “The child, through his attorney, has the right to cross-examine witnesses.” Rule 11(1) states: “The child has the right to confront all witnesses against him.”
The prosecution’s main contention at the transfer hearing was that because the strict rules of evidence did not apply to transfer hearings, Lee need not appear personally to testify. This was a mistaken belief.
“Before our Supreme Court’s ruling on this case, the law had been that the strict rules of evidence did not apply to juvenile transfer hearings. See Gulledge v. State, 419 So.2d 219 (Ala.1982); Spellman v. State, 469 So.2d 695 (Ala.Cr.App.1985). However, this rule had been narrowed so as to exclude confessions that were not knowingly, intelligently, and voluntarily made. Ex parte Whisenant, 466 So.2d 1006 (Ala.1985); Ex parte W.T.K., [586 So.2d 850 (Ala.1991) ]. In Ex parte W.T.E, the Alabama Supreme Court addressed an argument which did not involve the ‘Fifth Amendment, but the Fourth Amendment to the United States Constitution and Art. I., § 5, of the Alabama Constitution, which protects] against illegal searches and seizures.’ Ex parte W. T.K., 586 So.2d at 852. Essentially, the Supreme Court expanded the law as it applies to the admittance of juvenile confessions.”
W.T.K. v. State, 598 So.2d 38, 35 (Ala.Cr.App.), cert. denied, — U.S —, 113 S.Ct. 173,121 L.Ed.2d 120 (1992). The proposition that the strict rules of evidence are inapplicable to a transfer hearing has been abandoned as to evidence that violates the juvenile’s right to confront his accusers. O.M. v. State, 595 So.2d 514 (AIa.Cr.App.1991), writ quashed, 595 So.2d 528 (Ala.1992). As Judge Bowen stated in O.M., 595 So.2d at 519: “We hold that a juvenile has the rights of confrontation and cross-examination in a transfer hearing by virtue of Rule 11(H) and (I), Ala.R.Juv.P.” Thus, the fact that we are concerned here with a transfer hearing makes no difference in our analysis. We must apply the same rules of evidence applicable in a trial.
“The defendant’s Sixth Amendment right of confrontation ... limits the prosecution’s use of statements of person who do not testify at trial and therefore cannot be cross-examined. Such statements, when offered for their truth, ordinarily constitute hearsay.”
W. LaFave, Criminal Procedure, § 23.3(d) (1984). (Emphasis added.)
As this court stated in Williams v. State, 627 So.2d 985, 990 (Ala.Cr.App.1991), on rehearing, 627 So.2d 994 (Ala.Cr.App.1992), affd, 627 So.2d 999 (Ala.1993):
“ ‘The admission of hearsay evidence against a defendant implicates the sixth amendment because the defendant cannot confront the out of court declarant.’ Twentieth Annual Review of Criminal Procedure 79 Geo.L.J. 957, 1068 (1991). [Emphasis added in Williams.]
“ ‘The Confrontation Clause operates in two separate ways to restrict the range of admissible hearsay. First, in conformance with the Framers’ preference for face-to-face accusation, the Sixth Amendment establishes a rule of necessity. In the usual case ... the prosecution must either produce, or demonstrate the unavailability of, the declarant whose statement it wishes to use against the defendant. See Mancusi v. Stubbs, 408 U.S. 204, 92 S.Ct. 2308, 33 L.Ed.2d 293 (1972); Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968). See also Motes v. United States, 178 U.S. 458, 20 S.Ct. 993, 44 L.Ed. 1150 (1900); California v. Green, 399 U.S. [149], at 161-162, 165,167 n. 16, 90 S.Ct. [1930], at 1936-1937,1938, 1939, n. 16.
“ ‘The second aspect operates once a witness is shown to be unavailable. Reflecting its underlying purpose to augment accuracy in the factfinding process by ensuring the defendant an effective means to test adverse evidence, the Clause countenances only hearsay marked with such trustworthiness that *737 “there is no material departure from the reason of the general rule.” (citation omitted).’
“Ohio v. Roberts, 448 U.S. 56, 65,100 S.Ct. 2531 [2538], 65 L.Ed.2d 597 (1980). See also United States v. Morgan, 757 F.2d 1074 (10th Cir.1985).”
Williams, 627 So.2d at 990. See Idaho v. Wright, 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990).
A violation of the ConL "itation Clause occurred in this case because the state failed to meet the threshold for admissibility of hearsay evidence articulated in Ohio v. Roberts, 448 U.S. 56, 65, 100 S.Ct. 2531, 2538, 65 L.Ed.2d 597 (1980). First, the state had to prove that the witness was unavailable to testify. The state must show that it made a good faith effort to obtain the witness’s presence at trial. Barber v. Page, 390 U.S. 719, 724-25, 88 S.Ct. 1318, 1321-22, 20 L.Ed.2d 255 (1968).
The appellant contends that the prosecution failed to show Joseph Lee’s unavailability. We agree and hold that the trial court erred in finding that Joseph Lee was unavailable to testify. The record shows that the witness lived with his father in Lake City, Florida. The reason offered by the state for the witness’s unavailability was that his father would not let him travel to Alabama alone and that his father had been called to active duty in the Florida National Guard after Hurricane Andrew and was therefore unavailable to travel to Alabama at the time of the hearing. Also, the state said that Dr. Mhatre, a Florida psychiatrist who had examined Lee, testified by telephone that it would not be in the boy’s best interest to testify.
The state did not attempt to subpoena Joseph Lee before the September 4, 1992, hearing. The prosecutors admitted that they were operating under the incorrect assumption that hearsay evidence was admissible in a juvenile transfer hearing. Neither did the state attempt to subpoena Lee at any time before to the September 15 hearing. In Anderson v. State, 362 So.2d 1296 (Ala.Cr.App.1978), this court stated:
“Because the prosecution did not utilize the provisions of the Uniform Act to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings [§ 12-21-283, Code of Alabama 1975] or a writ of habeas corpus ad testificandum or by any other means show that the witness was unavailable to testify, we cannot characterize the state’s efforts to produce the witness as having been made with due diligence or in good faith.”
362 So.2d at 1296. See also Lewis v. State, 565 So.2d 1260, 1261 (Ala.Cr.App.1990). The state did not use due diligence in its effort to produce Lee as a witness.
Neither does the videotaped statement bear any “indicia of reliability.” Idaho v. Wright, supra. In this case, Lee’s statement was hearsay. The fact that the witness was the half-brother of the appellant may have well affected the witness’s motive in making the statement. Further, there was evidence presented that the witness was mentally unstable. The witness’s father also testified by telephone that Lee had been known to lie in the past. There was also evidence that another brother of Lee was facing charges on the same two killings; therefore, Lee might have had a strong motive to lie. The appellant had no opportunity to test the witness’s credibility or any possible bias that may have existed in favor of his brother over his half-brother, the appellant.
We hold that the trial court erred in allowing the videotaped statement to be introduced at the transfer hearing. However, our analysis does not end here. We must next determine whether the receipt into evidence of the tape was harmless error. We hold that it was not harmless error. We have reviewed the statement and found it to be, beyond a doubt, the most compelling evidence presented against the appellant at the transfer hearing. Lee’s statement was extremely damaging to the appellant. Judge Bowen’s statement in O.M. is equally applicable here: “This case is illustrative of the reason underlying the Sixth Amendment’s ‘preference for face-to-face accusation,’ Ohio v. Roberts, 448 U.S. at 65, 100 S.Ct. at 2538, in a criminal proceeding.” O.M., 595 So.2d at 520.
*738 The appellant is entitled to a new transfer hearing. If Lee’s testimony is presented in the new hearing, the appellant shall have the opportunity to cross-examine him.
For the reasons stated above,, the order of transfer of the juvenile court is reversed and this cause remanded for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.

. Joseph Lee gave a videotaped statement on August 13, 1992, in the presence of his father, David Lee, and several law enforcement officials. During the interview, Joseph stated that the appellant had described to him in detail how he had murdered the victims.