628 So.2d 514 (1993)
Ex parte H. P. W.
(Re H. P. W.
v.
State.)
1920427.
Supreme Court of Alabama.
October 8, 1993.
*515 Everette A. Price, Jr. and J. David Jordan, Brewton, for petitioner.
James H. Evans, Atty. Gen., and J. Randall McNeill, Asst. Atty. Gen., for respondent.
MADDOX, Justice.
This case involves the transfer of the petitioner, a juvenile, from the juvenile court to the circuit court on a charge of capital murder for the alleged killing of his mother and stepfather. We granted certiorari review to address (1) whether the trial court erred in refusing to order the State to give the juvenile funds to conduct an independent evaluation of his mental condition; (2) whether the trial court should have granted the juvenile's request for a continuance, and (3) whether the trial court should have considered a mental evaluation of the juvenile that was not formally introduced into evidence at his transfer hearing.

FACTS
H.P.W., a juvenile, was arrested and charged with the murder of his mother and stepfather. The State moved to have his case transferred to the circuit court for him to be tried as an adult on a charge made capital by § 13A-5-40(a)(10), Ala.Code 1975. After a hearing, the juvenile court transferred him for trial as an adult. He appealed from the juvenile court's transfer order, raising three issues in the Court of Criminal Appeals. H.P.W. v. State, 591 So.2d 141 (Ala.Cr.App.1991).
The Court of Criminal Appeals noted that "[t]he record reveals that there were very specific claims of serious mental illness." 591 So.2d at 142. That court held that the juvenile court had abused its discretion in denying the juvenile's motion for a continuance, because, the court found, the juvenile had presented evidence indicating a history of mental problems. The Court of Criminal Appeals set aside the juvenile court's transfer order and remanded the case to the juvenile court.
After remand, the juvenile court, on December 20, 1991, pursuant to Ala.Code 1975 § 12-15-34, gave the juvenile's attorneys and guardians ad litem notice of a transfer hearing to be held on January 6, 1992. The juvenile was given a mental evaluation on *516 December 23, 1991, in order to comply with the court's obligation under § 12-15-34(b) to determine if he was mentally ill or mentally retarded. Dr. Dennis E. Breiter reviewed records of the juvenile's previous psychiatric treatments, which had been mentioned by the Court of Criminal Appeals in its opinion, 591 So.2d at 142. He observed the juvenile himself, and he concluded that the juvenile was competent to stand trial for capital murder. The report of the findings from the mental evaluation conducted by Dr. Breiter was served on one of the juvenile's two attorneys, who was also a guardian ad litem, on January 3, 1992.
The juvenile moved to continue the second transfer hearing on the grounds that his counsel had not received the mental health report until January 3, 1992, and therefore had not had time to seek a second opinion or to confer with the juvenile or with co-counsel. He also moved the court to order the State to pay expenses for him to hire a psychiatric expert to do an independent mental evaluation and to testify. The court denied both motions and transferred the juvenile to the circuit court. In making its decision, the trial court considered the mental evaluation conducted by Dr. Breiter, but Dr. Breiter's report was never formally entered into evidence.
The Court of Criminal Appeals affirmed the transfer order, by unpublished memorandum, 617 So.2d 705, holding that it was not error to deny the juvenile's motion for funds to conduct additional psychiatric evaluations prior to the transfer hearing to determine if he should be transferred to the circuit court. The Court of Criminal Appeals also determined that the mental evaluation required by § 12-15-34 did not encompass an independent psychiatric evaluation.
The Court of Criminal Appeals also held that the trial court did not err in denying a continuance. We granted certiorari review to consider these issues.

I.
We first address the juvenile's claim that the trial court erred in denying his motion asking the court to order the State to pay the expenses for a mental evaluation. He argues that the denial of this motion violated his due process rights under Ake v. Oklahoma, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985). We disagree. In Ake, the Supreme Court held that the Fourteenth Amendment's guarantee of fundamental fairness required that an indigent defendant in a criminal proceeding be provided the means to build an effective defense, 470 U.S. at 76-77, 105 S.Ct. at 1092-93, but this case involved a transfer hearing and this Court has specifically stated that "a transfer hearing is not a hearing to adjudicate the guilt or innocence of the child accused of a crime but is, instead, a probable cause hearing to determine whether the child should be transferred out of the juvenile court for criminal prosecution as an adult." Brown v. State, 353 So.2d 1384, 1387-88 (Ala.1977). Consequently, the procedural requirements of a trial do not ordinarily apply to a transfer hearing. See, Gulledge v. State, 419 So.2d 219, 220 (Ala. 1982) (holding that the strict rules of evidence do not apply to a transfer hearing because it is a probable cause hearing rather than a criminal prosecution); Cruse v. State, 489 So.2d 694, 697 (Ala.Cr.App.1986) (holding that a transfer hearing is not a "criminal prosecution" within the meaning of the Sixth Amendment's guaranty of the right to a speedy trial). We hold, therefore, that because a transfer hearing is a probable cause hearing rather than a criminal prosecution, which would place a person's liberty at stake, the denial of the juvenile's motion to require the State to pay expenses to obtain a psychological expert did not violate his due process rights.

II.
The juvenile also argues that the court erred in denying his motion for a continuance. He argues that he did not have a reasonable time after receiving Dr. Breiter's mental evaluation to review it and did not have sufficient time to consult with counsel. We agree with the Court of Criminal Appeals that the trial court did not abuse its discretion in this regard. In Spellman v. State, 469 So.2d 695, 698 (Ala.Cr.App.1985), the Court of Criminal Appeals upheld the denial of a continuance where the juvenile's counsel *517 had only 24 hours to prepare for the transfer hearing. In so holding, the court noted that "[c]ounsel for the defendant had seen the transfer report and was able to cross-examine the party who prepared [it]." 469 So.2d at 698. H.P.W.'s counsel had approximately 72 hours, or three times longer than counsel had in Spellman, to prepare after obtaining Dr. Breiter's report. See also, Taylor v. State, 507 So.2d 1034, 1036 (Ala.Cr.App.1987) (upholding the denial of a motion for a continuance of a transfer hearing because the juvenile's prior psychological evaluations were available to defense counsel). H.P.W. had more than two weeks' notice of the January 6, 1992, hearing, and the State had been seeking a transfer since April 18, 1991. Furthermore, the State asserts, and H.P.W. does not deny, that Dr. Breiter's report could have been picked up at Dr. Breiter's office any time after December 23, 1991, or that Dr. Breiter was at least available to discuss his findings. There was no evidence that H.P.W. attempted to obtain a copy of the mental evaluation before January 3, 1992. It is well settled that the disposition of a motion for a continuance is vested in the sound discretion of the trial court and that its ruling will not be disturbed on appeal, except upon a clear showing of abuse of discretion. Carroll v. State, 445 So.2d 952, 954 (Ala.Cr. App.1983). Under the circumstances of this case, the denial of the continuance was not an abuse of discretion.

III.
Finally, the juvenile argues that the trial court erred in transferring him to the circuit court because in deciding to transfer him the court considered a psychiatric report that had not been formally offered into evidence. The juvenile says he had no opportunity to object to the report or to question its findings. Ala.Code 1975, § 12-15-34, does not require that a psychological evaluation be formally offered into evidence. All that the section requires is that the court conduct a hearing on whether to grant the transfer motion, inquire into whether there are reasonable grounds to believe that the juvenile is committable to an institution or agency for the mentally retarded or mentally ill, and consider evidence on the six factors set out in § 12-15-34(d).
On his first appeal, the Court of Criminal Appeals ordered that the juvenile be given a reasonable time to procure a psychiatric evaluation and his medical records. H.P.W. v. State, 591 So.2d 141, 143 (Ala.Cr.App.1991). The psychiatric evaluation and medical records were obtained, and the juvenile's attorneys had more than two full months from the day the order of the Court of Criminal Appeals was handed down to prepare his case in order to show that there were reasonable grounds to believe that he was mentally ill or mentally retarded.
We conclude that the trial court did not err in considering the mental evaluation that had not been formally offered into evidence. In Gulledge v. State, 419 So.2d 219, 220 (Ala. 1982), this Court held that the strict rules of evidence do not apply to a transfer hearing because it is a probable cause hearing rather than a criminal prosecution. The trial court was required by the Court of Criminal Appeals only to give the juvenile "the opportunity to procure his medical records, as well as any other evidence relating to his mental problems." H.P.W. v. State, 591 So.2d 141, 142 (Ala.Cr.App.1991). This opportunity was given. The juvenile cannot complain that the court considered evidence of his mental condition when that is what he sought the prior continuance to obtain.
We affirm the judgment of the Court of Criminal Appeals.
AFFIRMED.
HORNSBY, C.J., and SHORES, ADAMS, HOUSTON, STEAGALL and INGRAM, JJ., concur.
KENNEDY, J., dissents.
KENNEDY, Justice (dissenting).
The majority of the Court holds that H.P.W.'s due process rights under the Fourteenth Amendment were not violated by the juvenile court's denial of his motion asking that the State pay the expenses of a mental evaluation. I disagree.
In Ake v. Oklahoma, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985), the Supreme *518 Court held that a state must take certain steps to assure that an indigent criminal defendant has a fair opportunity to present his defense, including providing him with a psychiatrist's assistance if the defendant shows that his sanity at the time of the offense is an issue. In addition, in that case the Supreme Court held that the defendant was entitled to a psychiatrist's assistance at his sentencing proceeding in order to present an expert's opposing view as to his future dangerousness, because at the sentencing proceeding the State had presented evidence of the defendant's likelihood of future dangerousness. The Supreme Court held that without a psychiatrist's assistance, the defendant could not present a well-informed expert's opposing view as to his likelihood of future dangerousness.
The case at bar involves an indigent juvenile who was transferred to the circuit court to stand trial as an adult. The Court of Criminal Appeals reversed the transfer order on a holding that the juvenile court had abused its discretion in denying a motion for a continuance and a motion for a psychiatric evaluation after evidence was presented that the juvenile had a long history of mental problems and drug abuse. H.P.W. v. State, 591 So.2d 141 (Ala.Cr.App.1991). On remand, the juvenile court held a second transfer hearing; it reviewed, among other things, evidence from a State psychiatrist, and it found that H.P.W. was competent to stand trial as an adult.
Recently, this Court stated that "a transfer hearing is a `critically important' proceeding in juvenile criminal procedure," citing Kent v. United States, 383 U.S. 541, 560, 86 S.Ct. 1045, 1057, 16 L.Ed.2d 84 (1966), and that "A transfer hearing `must measure up to the essentials of due process and fair treatment,'" quoting Kent, 383 U.S. at 562, 86 S.Ct. at 1057. Ex parte W.T.K., 586 So.2d 850, 851 (Ala.1991).
In Ex parte W.T.K., the juvenile argued that his arrest had been unlawful and that the subsequent confession was therefore inadmissible at the transfer hearing as the fruit of an unlawful arrest. This Court reaffirmed its prior position that a transfer hearing is not designed to determine guilt or innocence of the juvenile but is instead a probable cause hearing to determine whether the juvenile should be transferred out of the juvenile court for criminal prosecution as an adult. However, the Court held that a juvenile's Fourth Amendment rights must be protected at a transfer hearing.
Similarly, in regard to the instant case, I feel that certain protections must be afforded a juvenile, including providing him with a psychiatrist's assistance at a transfer hearing when it has clearly been shown that his mental state is at issue. As previously noted, there was evidence presented that H.P.W. had a long history of mental problems and drug abuse. (R. 52, 102-14).
It is particularly important that courts protect the constitutional rights of juveniles at transfer hearings. To transfer a juvenile and try him as an adult without protecting his rights to due process of law is impermissible.
Section 12-15-34(c), Ala.Code 1975, provides that if there are grounds to believe that a juvenile is committable to an institution, the court can order a mental examination pursuant to § 12-15-70. As was stated in Ake, "[p]sychiatry is not, however, an exact science, and psychiatrists disagree widely and frequently on what constitutes mental illness.... Perhaps because there is often no single, accurate psychiatric conclusion on legal insanity in a given case, juries remain the primary factfinders on this issue, and they must resolve differences in opinion within the psychiatric profession on the basis of the evidence offered by each party." 470 U.S. at 81, 105 S.Ct. at 1095.
At a transfer hearing it is the judge who determines whether a juvenile is competent to stand trial as an adult; nevertheless, before the judge makes this determination, the juvenile should have the opportunity to present opposing expert evidence as to his mental state. If the juvenile is indigent, as H.P.W. is in this case, the State should be required to pay the expense of obtaining a psychiatrist's assistance.