MADDOX, Justice.
This case involves the transfer of the petitioner, a juvenile, from the juvenile court to the circuit court on a charge of capital murder for the alleged killing of his mother and stepfather. We granted certiorari review to address (1) whether the trial court erred in refusing to order the State to give the juvenile funds to conduct an independent evaluation of his mental condition; (2) whether the trial court should have granted the juvenile’s request for a continuance, and (3) whether the trial court should have considered a mental evaluation of the juvenile that was not formally introduced into evidence at his transfer hearing.
FACTS
H.P.W., a juvenile, was arrested and charged with the murder of his mother and stepfather. The State moved to have his case transferred to the circuit court for him to be tried as an adult on a charge made capital by § 13A-5-40(a)(10), Ala.Code 1975. After a hearing, the juvenile court transferred him for trial as an adult. He appealed from the juvenile court’s transfer order, raising three issues in the Court of Criminal Appeals. H.P.W. v. State, 591 So.2d 141 (Ala.Cr.App.1991).
The Court of Criminal Appeals noted that “[t]he record reveals that there were very specific claims of serious mental illness.” 591 So.2d at 142. That court held that the juvenile court had abused its discretion in denying the juvenile’s motion for a continuance, because, the court found, the juvenile had presented evidence indicating a history of mental problems. The Court of Criminal Appeals set aside the juvenile court’s transfer order and remanded the case to the juvenile court.
After remand, the juvenile court, on December 20, 1991, pursuant to Ala.Code 1975 § 12-15-34, gave the juvenile’s attorneys and guardians ad litem notice of a transfer hearing to be held on January 6, 1992. The juvenile was given a mental evaluation on *516 December 23, 1991, in order to comply with the court’s obligation under § 12-15-34(b) to determine if he was mentally ill or mentally retarded. Dr. Dennis E. Breiter reviewed records of the juvenile’s previous psychiatric treatments, which had been mentioned by the Court of Criminal Appeals in its opinion, 591 So.2d at 142. He observed the juvenile himself, and he concluded that the juvenile was competent to stand trial for capital murder. The report of the findings from the mental evaluation conducted by Dr. Breiter was served on one of the juvenile’s two attorneys, who was also a guardian ad litem, on January 3, 1992.
The juvenile moved to continue the second transfer hearing on the grounds that his counsel had not received the mental health report until January 3, 1992, and therefore had not had time to seek a second opinion or to confer with the juvenile or with co-counsel. He also moved the court to order the State to pay expenses for him to hire a psychiatric expert to do an independent mental evaluation and to testify. The court denied both motions and transferred the juvenile to the circuit court. In making its decision, the trial court considered the mental evaluation conducted by Dr. Breiter, but Dr. Breiter’s report was never formally entered into evidence.
The Court of Criminal Appeals affirmed the transfer order, by unpublished memorandum, 617 So.2d 705, holding that it was not error to deny the juvenile’s motion for funds to conduct additional psychiatric evaluations prior to the transfer hearing to determine if he should be transferred to the circuit court. The Court of Criminal Appeals also determined that the mental evaluation required by § 12-15-34 did not encompass an independent psychiatric evaluation.
The Court of Criminal Appeals also held that the trial court did not err in denying a continuance. We granted certiorari review to consider these issues.
I.
We first address the juvenile’s claim that the trial court erred in denying his motion asking the court to order the State to pay the expenses for a mental evaluation. He argues that the denial of this motion violated his due process rights under Ake v. Oklahoma, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985). We disagree. In Ake, the Supreme Court held that the Fourteenth Amendment’s guarantee of fundamental fairness required that an indigent defendant in a criminal proceeding be provided the means to build an effective defense, 470 U.S. at 76-77, 105 S.Ct. at 1092-93, but this case involved a transfer hearing and this Court has specifically stated that “a transfer hearing is not a hearing to adjudicate the guilt or innocence of the child accused of a crime but is, instead, a probable cause hearing to determine whether the child should be transferred out of the juvenile court for criminal prosecution as an adult.” Brown v. State, 353 So.2d 1384, 1387-88 (Ala.1977). Consequently, the procedural requirements of a trial do not ordinarily apply to a transfer hearing. See, Gulledge v. State, 419 So.2d 219, 220 (Ala.1982) (holding that the strict rules of evidence do not apply to a transfer hearing because it is a probable cause hearing rather than a criminal prosecution); Cruse v. State, 489 So.2d 694, 697 (Ala.Cr.App.1986) (holding that a transfer hearing is not a “criminal prosecution” within the meaning of the Sixth Amendment’s guaranty of the right to a speedy trial). We hold, therefore, that because a transfer hearing is a probable cause hearing rather than a criminal prosecution, which would place a person’s liberty at stake, the denial of the juvenile’s motion to require the State to pay expenses to obtain a psychological expert did not violate his due process rights.
II.
The juvenile also argues that the court erred in denying his motion for a continuance. He argues that he did not have a reasonable time after receiving Dr. Breiter’s mental evaluation to review it and did not have sufficient time to consult with counsel. We agree with the Court of Criminal Appeals that the trial court did not abuse its discretion in this regard. In Spellman v. State, 469 So.2d 695, 698 (Ala.Cr.App.1985), the Court of Criminal Appeals upheld the denial of a continuance where the juvenile’s counsel *517 had only 24 hours to prepare for the transfer hearing. In so holding, the court noted that “[c]ounsel for the defendant had seen the transfer report and was able to cross-examine the party who prepared [it].” 469 So.2d at 698. H.P.W.’s counsel had approximately 72 hours, or three times longer than counsel had in Spellman, to prepare after obtaining Dr. Breiter’s report. See also, Taylor v. State, 507 So.2d 1034, 1036 (Ala.Cr.App.1987) (upholding the denial of a motion for a continuance of a transfer hearing because the juvenile’s prior psychological evaluations were available to defense counsel). H.P.W. had more than two weeks’ notice of the January 6, 1992, hearing, and the State had been seeking a transfer since April 18,1991. Furthermore, the State asserts, and H.P.W. does not deny, that Dr. Breiter’s report could have been picked up at Dr. Breiter’s office any time after December 23, 1991, or that Dr. Breiter was at least available to discuss his findings. There was no evidence that H.P.W. attempted to obtain a copy of the mental evaluation before January 3,1992. It is well settled that the disposition of a motion for a continuance is vested in the sound discretion of the trial court and that its ruling will not be disturbed on appeal, except upon a clear showing of abuse of discretion. Carroll v. State, 445 So.2d 952, 954 (Ala.Cr.App.1983). Under the circumstances of this case, the denial of the continuance was not an abuse of discretion.
III.
Finally, the juvenile argues that the trial court erred in transferring him to the circuit court because in deciding to transfer him the court considered a psychiatric report that had not been formally offered into evidence. The juvenile says he had no opportunity to object to the report or to question its findings. Ala.Code 1975, § 12-15-34, does not require that a psychological evaluation be formally offered into evidence. All that the section requires is that the court conduct a hearing on whether to grant the transfer motion, inquire into whether there are reasonable grounds to believe that the juvenile is committable to an institution or agency for the mentally retarded or mentally ill, and consider evidence on the six factors set out in § 12-15-34(d).
On his first appeal, the Court of Criminal Appeals ordered that the juvenile be given a reasonable time to procure a psychiatric evaluation and his medical records. H.P.W. v. State, 591 So.2d 141, 143 (Ala.Cr.App.1991). The psychiatric evaluation and medical records were obtained, and the juvenile’s attorneys had more than two full months from the day the order of the Court of Criminal Appeals was handed down to prepare his case in order to show that there were reasonable grounds to believe that he was mentally ill or mentally retarded.
We conclude that the trial court did not err in considering the mental evaluation that had not been formally offered into evidence. In Gulledge v. State, 419 So.2d 219, 220 (Ala.1982), this Court held that the strict rules of evidence do not apply to a transfer hearing because it is a probable cause hearing rather than a criminal prosecution. The trial court was required by the Court of Criminal Appeals only to give the juvenile “the opportunity to procure his medical records, as well as any other evidence relating to his mental problems.” H.P.W. v. State, 591 So.2d 141, 142 (Ala.Cr.App.1991). This opportunity was given. The juvenile cannot complain that the court considered evidence of his mental condition when that is what he sought the prior continuance to obtain.
We affirm the judgment of the Court of Criminal Appeals.
AFFIRMED.
HORNSBY, C.J., and SHORES, ADAMS, HOUSTON, STEAGALL and INGRAM, JJ., concur.
KENNEDY, J., dissents.