KENNEDY, Justice
(dissenting).
The majority of the Court holds that H.P.W.’s due process rights under the Fourteenth Amendment were not violated by the juvenile court’s denial of his motion asking that the State pay the expenses of a mental evaluation. I disagree.
In Ake v. Oklahoma, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985), the Supreme *518 Court held that a state must take certain steps to assure that an indigent criminal defendant has a fair opportunity to present his defense, including providing him with a psychiatrist’s assistance if the defendant shows that his sanity at the time of the offense is an issue. In addition, in that case the Supreme Court held that the defendant was entitled to a psychiatrist’s assistance at his sentencing proceeding in order to present an expert’s opposing view as to his future dangerousness, because at the sentencing proceeding the State had presented evidence of the defendant’s likelihood of future dangerousness. The Supreme Court held that without a psychiatrist’s assistance, the defendant could not present a well-informed expert’s opposing view as to his likelihood of future dangerousness.
The case at bar involves an indigent juvenile who was transferred to the circuit court to stand trial as an adult. The Court of Criminal Appeals reversed the transfer order on a holding that the juvenile court had abused its discretion in denying a motion for a continuance and a motion for a psychiatric evaluation after evidence was presented that the juvenile had a long history of mental problems and drug abuse. H.P.W. v. State, 591 So.2d 141 (Ala.Cr.App.1991). On remand, the juvenile court held a second transfer hearing; it reviewed, among other things,/ evidence from a State psychiatrist, and it found that H.P.W. was competent to stand trial as an adult.
Recently, this Court stated that “a transfer hearing is a ‘critically important’ proceeding in juvenile criminal procedure,” citing Kent v. United States, 383 U.S. 541, 560, 86 S.Ct. 1045, 1057, 16 L.Ed.2d 84 (1966), and that “A transfer hearing ‘must measure up to the essentials of due process and fair treatment,’ ” quoting Kent, 383 U.S. at 562, 86 S.Ct. at 1057. Ex parte W.T.K., 586 So.2d 850, 851 (Ala.1991).
In Ex parte W.T.K., the juvenile argued that his arrest had been unlawful and that the subsequent confession was therefore inadmissible at the transfer hearing as the fruit of an unlawful arrest. This Court reaffirmed its prior position that a transfer hearing is not designed to determine guilt or innocence of the juvenile but is instead a probable cause hearing to determine whether the juvenile should be transferred out of the juvenile court for criminal prosecution as an adult. However, the Court held that a juvenile’s Fourth Amendment rights must be protected at a transfer hearing.
Similarly, in regard to the instant case, I feel that certain protections must be afforded a juvenile, including providing him with a psychiatrist’s assistance at a transfer hearing when it has clearly been shown that his mental state is at issue. As previously noted, there was evidence presented that H.P.W. had a long history of mental problems and drug abuse. (R. 52, 102-14).
It is particularly important that courts protect the constitutional rights of juveniles at transfer hearings. To transfer a juvenile and try him as an adult without protecting his rights to due process of law is impermissible.
Section 12-15-34(c), Ala.Code 1975, provides that if there are grounds to believe that a juvenile is committable to an institution, the court can order a mental examination pursuant to § 12-15-70. As was stated in Ake, “[pjsychiatry is not, however, an exact science, and psychiatrists disagree widely and frequently on what constitutes mental illness.... Perhaps because there is often no single, accurate psychiatric conclusion on legal insanity in a given case, juries remain the primary factfinders on this issue, and they must resolve differences in opinion within the psychiatric profession on the basis of the evidence offered by each party.” 470 U.S. at 81, 105 S.Ct. at 1095.
At a transfer hearing it is the judge who determines whether a juvenile is competent to stand trial as an adult; nevertheless, before the judge makes this determination, the juvenile should have the opportunity to present opposing expert evidence as to his mental state. If the juvenile is indigent, as H.P.W. is in this case, the State should be required to pay the expense of obtaining a psychiatrist’s assistance.