BOWEN, Presiding Judge.
In September 1992, the then fourteen-year-old appellant was transferred for prosecution as an adult on two charges of capital murder and one charge of theft of property in the first degree. On appeal, this court reversed the transfer orders. See M.M. v. State, 629 So.2d 734 (Ala.Cr.App.1993). We held that the appellant had been denied his right to confront and to cross-examine one of the witnesses against him when the juvenile court admitted the videotaped statement of J.L., the appellant’s then sixteen-year-old half-brother.
In December 1993, a second transfer hearing was held, after which the juvenile court again determined that the appellant should be prosecuted as an adult. On this appeal from the juvenile court’s transfer orders, the appellant raises three issues.
I
First, he argues that the juvenile court erred in allowing the juvenile probation officer to give her opinion, derived from information not admitted into evidence and based in part on the opinions of other experts, that the appellant should be transferred for adult prosecution.
At the transfer hearing, juvenile probation officer Janice Hendrickson testified that she had reviewed records relating to the appellant’s encounters with the mental health services and the juvenile court system in Florida. Based on her review of those records, which were not offered or admitted in evidence, Ms. Hendrickson concluded that the appellant should be prosecuted as an adult on the three current charges.
Had Ms. Hendrickson given this testimony at a criminal trial, her testimony would have violated the rule that an expert may not give an opinion based on the opinions of other experts unless the basis for these other opinions is a matter of evidence. See Ex parte Bailey, 590 So.2d 354 (Ala.1991); Ex parte Wesley, 575 So.2d 127 (Ala.1990); Nash v. Cosby, 574 So.2d 700 (Ala.1990). See also W.S. v. T.W., 585 So.2d 26, 29 (Ala.1991) (Houston, J., concurring).
However, with certain exceptions pertaining to confessions and to evidence that violates a juvenile’s Sixth Amendment confrontation rights, see M.M. v. State, 629 So.2d at 736, the strict rules of evidence do not apply to a juvenile transfer proceeding, Gulledge v. State, 419 So.2d 219, 220 (Ala.1982), and the juvenile court may consider reports and evaluations which have not been formally offered into evidence, Ex parte H.P.W., 628 So.2d 514, 517 (Ala.1993).
Moreover, even if we were to assume that Ms. Hendrickson’s testimony was not admissible, the appellant has failed to preserve this issue for appellate review. He did not object to or move to exclude Ms. Hen-drickson’s testimony, nor did he seek a ruling from the trial court on the admissibility of her opinion testimony. See Giddens v. State, 565 So.2d 1277, 1280 (Ala.Cr.App.1990).
II
The appellant contends that the juvenile judge should have recused herself from presiding over the second transfer hearing. He claims that the judge’s determination at the first transfer hearing that the videotaped statement of J.L. bore “indicia of reliability,” raised a question about her impartiality.
The juvenile court’s statement explained her ruling that J.L.’s videotape was admissible over a Confrontation Clause objection. Using the two-part test of Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), and Idaho v. Wright, 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990), the juvenile judge determined, first, that J.L. was “unavailable,”[1] and, second, that the statement had sufficient “indicia of reliability” to be admitted as an exception to the hearsay rule.
Although this court later determined that the juvenile judge was wrong on both counts (unavailability and reliability), the judge’s im *1347 partiality was not called into question merely because she made an erroneous ruling on the application of the law to the facts in this ease.
“Ordinarily, a judge’s rulings in the same or a related ease may not serve as the basis for a recusal motion. Jaffe v. Grant, 793 F.2d 1182, 1189 (11th Cir.1986), cert. denied, 480 U.S. 931, 107 S.Ct. 1566, 94 L.Ed.2d 759 (1987). The judge’s bias must be personal and extra-judicial; it must derive from something other than that which the judge learned by participating in the ease. Id. at 1188-1189. An exception to this general rule occurs when the movant demonstrates ‘pervasive bias and prejudice.’ Id. at 1189 (quoting United States v. Phillips, 664 F.2d 971, 1002-03 (5th Cir., Unit B 1981), cert. denied, 457 U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354 (1982).”
McWhorter v. City of Birmingham, 906 F.2d 674, 678 (11th Cir.1990), quoted in Parker v. State, 587 So.2d 1072, 1097 (Ala.Cr.App.1991), affirmed, 610 So.2d 1181 (Ala.1992), cert. denied, — U.S. —, 113 S.Ct. 3053, 125 L.Ed.2d 737 (1993). Here, the appellant made no showing of pervasive bias and prejudice, and the record provides no basis for such a showing.
Ill
At the transfer hearing, Dr. Larry Faison, a clinical psychologist who conducted a psychological evaluation of the appellant, testified that in his opinion “there are no reasonable grounds to believe that [M.M.] is com-mittable to an institution for the mentally retarded or the mentally ill.” R. 111. See Ala.Code 1975, § 12-15-34(b).
Dr. Faison’s opinion was based on a three-hour evaluation of the appellant, which included “a full battery of tests measuring intelligence, achievement, a brief neurological screening, and ... several types of personality tests.” R. 108. Faison acknowledged that he had no information “from Florida [on the appellant’s] previous psychological background,” R. 113, and that he had not reviewed any of the appellant’s mental health records prior to reaching his conclusion. He stated that he “did not have anything available other than just a simple referral made by the Court.” R. 114.
The appellant argues that the Florida records reveal a significant history of mental problems, and that Dr. Faison’s opinion, which did not take into account those records or that history, was insufficient to support the juvenile court’s conclusion that “there are no reasonable grounds to believe [the appellant] is committable to an institution or agency for the mentally retarded or mentally ill.”
At the transfer hearing, the appellant did not object to the admissibility of Dr. Faison’s opinion testimony. The Florida records were not offered or admitted. Nevertheless, appellate counsel moved to supplement the record pursuant to .Rule 10(g), A.R.App.P., to include documentation of the appellant’s mental health history and juvenile court history from the state of Florida. The juvenile court granted that motion, and the record on appeal now includes extensive documentation of the appellant’s prior mental health history.
Rule 10(g) provides a means of supplementing the record on appeal “[i]f admitted or offered evidence that is material to any issue on appeal is omitted from the record.” (Emphasis added.) Apparently, the supplemental records were neither offered nor admitted at the transfer hearing. However, because the juvenile court granted the motion to supplement the record, and because the juvenile court’s transfer orders refer to factual material contained in the supplemental records, it may be that the juvenile court considered those records even though they were not formally admitted into evidence. Compare Ex parte H.P.W., 628 So.2d at 517.
The appellant is facing the most serious of criminal charges. In order to forestall a later challenge to the propriety of the transfer orders and to promote the just and speedy resolution of this matter, we remand this cause to the Baldwin Juvenile Court. We direct the juvenile judge to specify whether, in concluding that “there are no reasonable grounds to believe [the appellant] is committable to an institution or agency for the mentally retarded or mentally ill,” the court considered the material now contained in the supplemental record on appeal.
*1348 If the judge did consider that material, she should so state, in writing, explaining why she determined that the appellant’s prior mental health history did not establish “reasonable grounds to believe [the appellant] is committable to an institution or agency for the mentally retarded or mentally ill.” If the judge did not consider the material now contained in the supplemental record on appeal, we direct the court to forward that material to Dr. Faison with a request that the psychologist review the material and determine whether it alters his previous conclusion that there are “no reasonable grounds to believe [the appellant] is committable to an institution or agency for the mentally retarded or mentally ill.” The juvenile court shall also direct Dr. Faison to file with it a written response to the request. Once Dr. Faison’s written response is filed with the juvenile court, the court is directed to consider that response and to then issue a new transfer order reflecting that that response has been considered. The juvenile court’s written statement and/or order should be submitted in a return to this court within 28 days of the release of this opinion.
REMANDED WITH DIRECTIONS.
All Judges concur.

. As we have recently noted, under White v. Illinois, 502 U.S. 346, 112 S.Ct. 736, 116 L.Ed.2d 848 (1992), the application of the unavailability factor in Confrontation Clause analy-ses involving situations such as this one is now questionable. R.L.B. v. State, 647 So.2d 803 (Ala.Cr.App.1994).