PER CURIAM.
This cause is before us on appeal from Appellant’s judgment and sentence after vio *491 lation of community control. The lower court found that Appellant had violated three conditions of his community control, to wit: Condition (5), live without violating the law; Condition (8), work diligently at a lawful occupation; and Condition (12), remain confined to his approved residence. We strike the lower court’s findings that Appellant violated conditions (5) and (8), as they were not supported by any evidence other than hearsay. See Scott v. State, 446 So.2d 1105 (Fla. 2d DCA 1984), and Vezina v. State, 644 So.2d 602 (Fla. 1st DCA 1994). We hold that there was sufficient evidence to support the finding that Appellant violated the condition requiring him to remain at his residence. See Porras v. State, 651 So.2d 183 (Fla. 3d DCA 1995). Since we cannot determine from the record whether the lower court would have revoked community control based solely on the remaining valid violation, we REVERSE and REMAND for reconsideration. Gavins v. State, 587 So.2d 487 (Fla. 1st DCA 1991).
BOOTH, BENTON and VAN NORTWICK, JJ., concur.