PER CURIAM.
We conclude that two of the three grounds asserted in the order revoking defendant’s probation are not supported by the record. The evidence was insufficient to show that the defendant had the ability to make the required payments, and his probation could not be revoked for failure to complete an anger management course, because the time for completing the course had not yet expired. Although the evidence was sufficient to show that the defendant committed a battery while on probation, we are unable to determine whether the trial judge would have revoked probation on this charge alone. Nor is it clear, under the circumstances of this case, that the trial judge would have rejected the state’s recommendation for community control and sentenced the defendant to sixty months in the Department of Corrections, based on the battery charge alone. Accordingly, we reverse the revocation order and remand the case to the trial court for further consideration. See Jenkins v. State, 691 So.2d 41 (Fla. 1st DCA 1997); Daniels v. State, 680 So.2d 490 (Fla. 1st DCA 1996).
BOOTH, KAHN and PADOVANO, JJ., concur.