PER CURIAM.
The appellant, J.C.C., was adjudicated delinquent on the underlying charges of driving under the influence of alcohol and being a minor in possession of alcohol. J.C.C. was placed on probation. Within 14 days of his adjudication, J.C.C. filed a written notice of appeal to this Court. See Rule 28(C), Ala. R. Juv. P. A record was filed, and J.C.C. filed his brief with this Court. The State then moved that this Court dismiss the appeal or, in the alternative, remand the case to the Lauderdale Circuit Court because, it argues, the record fails to comply with the provisions of Rule 28(A), Ala. R. Juv. P.
The rule governing appeals in juvenile proceedings is set out in Rule 28, Ala. R. Juv. P. This rule states, in pertinent part:
“(A) Direct Appeals to Appellate Courts.
“(1) Appeals from final orders, judgments, or decrees of the juvenile court shall be to the appropriate appellate court, subject to the Alabama Rules of Appellate Procedure, if:
“(a) A record certified as adequate by the juvenile court judge or a stipulation of facts is available and the right to a jury trial has been exercised or waived by all parties entitled thereto; or,
“(b) The parties stipulate that only questions of law are involved and the juvenile court certifies the questions.
[[Image here]]
“(B) Appeals to Circuit Court. Appeals from final orders, judgments, or decrees in all other cases, including those cases in which there is not an adequate record as provided in subsection (A) of this rule, shall be to the circuit court for trial de novo and the case shall be heard by a different circuit judge if heard by a circuit judge in the first instance in the juvenile court. The subject of an appeal to the circuit court for trial de novo on delinquency cases or cases involving a child in need of supervision, as that term is defined in Ala. Code 1975, § 12-15-102(4), shall be on the same charge tried in juvenile court; however, no provision of this rule shall be construed to confer the right to a jury trial for a juvenile adjudication appealed to the circuit court. The same provisions of law or rule regarding confidentiality of records and proceedings in the juvenile court shall be applicable on appeal de novo to the circuit court.
[[Image here]]
“(D) Transfer of Appeal. An appellate court or circuit court may transfer an appeal that it determines should have *579 been transferred to or brought in another court to that other court.”
The failure to comply with the requirements of Rule 28(A), Ala. R. Juv. P., has been construed as a defect that deprives an appellate court of jurisdiction. See M.C. v. L.J.H., 868 So.2d 465, 467 (Ala.Civ.App.2003) (“[B]eeause neither prong of Rule 28(A)(1) has been satisfied, this court does not have jurisdiction to consider M.C.’s appeal.”); D.L.S. v. State, 659 So.2d 1012, 1014 (Ala.Crim.App.1995) (“This appeal does not meet the jurisdictional prerequisites of Rule 28(A), Ala. R. Juv. P”).
The duty of ensuring that a record is adequate for appellate review rests with the appellant. See Benefield v. State, 726 So.2d 286 (Ala.Crim.App.1997); Wilkerson v. State, 686 So.2d 1266 (Ala.Crim.App.1996); Welch v. State, 455 So.2d 299 (Ala.Crim.App.1984). When the record was filed in this Court, J.C.C. had 14 days to move to supplement or correct the record. See Rule 10(g), Ala.R.App. P.[1] As we noted in M.B. v. State, 680 So.2d 490 (Ala.Crim.App.1993): “[T]he juvenile court judge certified the transcript of the proceedings as ‘adequate and correct.’ The record contains no objection to this certification and no motion to supplement or correct the record pursuant to Rule 10(g), A.R.App. P.” 630 So.2d at 490.
Here, J.C.C. did not object to the failure of the juvenile judge to certify the record as adequate for appellate review when the record was filed in this Court, nor did he move to supplement or correct the record within 14 days. Rule 10(g), Ala. R.App. P. The record does not contain a stipulation of facts, nor have the parties agreed that only a question of law is involved in this case. Accordingly, because the provisions of Rule 28(A), Ala. R. Juv. P., have not been satisfied, jurisdiction has not been conferred upon this Court to consider this appeal. In accordance with Rule 28(D), Ala. R. Juv. P., this appeal is transferred to the Lauderdale Circuit Court for a trial de novo.
APPEAL TRANSFERRED.
WISE, P.J., and WELCH, WINDOM, KELLUM, and MAIN, JJ., concur.

. Rule 10(g), Ala. R.App. P., applies to records filed in juvenile cases. See T.T.J. v. State, 716 So.2d 258 (Ala.Crim.App.1998); M.M. v. State, 649 So.2d 1345 (Ala.Crim.App.1994).